EDWARD LOWE, RESPONDENT, *v.*  R. TURNER ET
AL., APPELLANTS.

TENANTS IN COMMON—JOINT LIABILITY—JUDGMENT.—Action against T. and S. for the foreclosure of mechanic's lien.  The work was performed between the second of August, 1863, and the thirtieth of November, 1865.  The defendants were tenants in common of the incumbered prem

ises at the time of commencing this suit: *Held*, 1. That if the defendants were liable at all to the plaintiff, L., they were jointly, and not jointly and severally, liable; and, 2. That a separate, personal money judgment could not be entered against one of the defendants, by default.

JUDGMENT—JOINT DEBTORS.—A judgment can not be rendered against the property generally and against one of the owners thereof in a right of action clearly against all jointly.

PRACTICE—JUDGMENT.—It is error to enter judgment against one of the defendants, after having sustained a demurrer to the complaint upon the ground that such pleading "does not state facts sufficient to constitute a cause of action," without first amending the same.

IDEM.—In cases of trial, the plaintiff should recover such judgment as he shows himself entitled to under the pleadings and proof.

IDEM.—When judgment is rendered upon the default of a defendant, the recovery must follow the prayer of the complaint.

PRESUMPTIONS—COURTS OF RECORD.—All presumptions and intendments are in favor of the regularity of the proceedings of courts of record.

APPEAL from the second judicial district, Boise county.

Action for the foreclosure of a mechanic's lien, praying for a decree of sale of the premises to satisfy the demand, the incumbered premises being the "Warm Springs," situate near Idaho City in Boise county. Sims, one of the defendants, appeared and demurred to the complaint under the sixth subdivison of section 40 of the practice act. This demurrer the court sustained. Afterwards judgment by default was allowed against Robert Turner, who did not appear in the action in the court below. This judgment was for the sum of seven hundred and sixty-nine dollars and twenty-five cents, and costs of suit; but there was nothing said about the mechanic's lien.

*Gilbert & Henley*, for the appellants, cited *Reynolds* v. *Harris*, 9 Cal. 338; *Lamping* v. *Hyatt*, 27 Id. 300; *Van Dorn* v. *Tjader et al.*, 1 Nev. 380; *Gage* v. *Rogers*, 20 Cal. 91; *Lattimer* v. *Ryan*, Id. 628; *Burling* v. *Goodman*, 1 Nev. 314.

*C. Sims*, for the respondent.

CUMMINS, J., delivered the opinion of the court, MCBRIDE, C. J., concurring.

This suit was commenced for the foreclosure of a me-

chanic's lien on certain property described in the complaint as the "Warm Springs property," including one hundred and sixty acres of land, with several buildings thereon. One of the defendants, Sims, appeared in the court below and demurred to the complaint on the ground that "it did not contain facts sufficient to constitute a cause of action." This demurrer the court very properly sustained. There was, however, no judgment rendered in favor of Sims for his costs, or dismissing him from the action. Neither was there any amended complaint ever filed. After disposing of this demurrer, the plaintiff took a several personal judgment by default against Robert Turner for the whole amount claimed. It seems to be admitted that the court below held the mechanic's lien, attempted to be secured by the plaintiff, entirely insufficient in law to create a lien upon the property described in the complaint, although the record contains nothing of this, unless it is by inference from the fact of entering a personal judgment against one of the defendants. The errors complained of by the appellants are contained in the record, and the first to which our attention is directed, which is the most material, is this: Had the court power to enter a personal separate judgment against one of the defendants?

The complaint does not allege that the work and labor was performed under a contract with the defendants, or either of them, but simply for the owners of the property, without showing who they were. The work was performed between August 2, 1863, and November 30, 1865. It is further averred that at the commencement of this action, in January, 1866, the defendants were owners of the property as tenants in common, authorizing the inference that they were not the owners when the work was being carried on. The only conclusion which we can arrive at from this state of facts is that these defendants were sued, not because they were the parties at whose instance the work was done, for we have seen that this conclusion is unwarranted by the pleadings, but because they were the owners of the property sought to be charged with the lien at the time the suit was commenced. If we are correct in this conclusion,

and certainly no other is legitimately deducible from the record before us, the defendants were jointly liable, if liable at all. They were holden for the demand only so far as they were the owners of the property asked to be sold. Their interest in that, it is alleged, was that of tenants in common, Turner owning two thirds and Sims the remaining one third. Unless their liability was joint and several, the plaintiff would have had the undoubted right to have sued but one of the parties made defendants in this action, if he had so desired, who was only a part owner in the premises, recover a judgment and decree of sale of the entire property to satisfy his claim, although this should include the interest of the other co-tenant who was not joined in the action, a proposition which can not be seriously contended for by any one. As before remarked, then, the very foundation of their liability rests upon their ownership in the property, which was joint, and not upon any personal liability to the plaintiff. It is nowhere alleged that they or either of them procured the labor, or that it was done at their instance. Neither is it alleged that these defendants were the owners of the property during the time the services were being rendered, but simply that they were the owners as co-tenants at the time the complaint was filed. If, then, they were joined in this action simply because they were the owners of the property sought to be incumbered with the laborer's lien, it follows that the judgment must be against both the defendants, or neither of them. A judgment could not be against the property generally and against but one of the owners thereof in a right of action clearly against all jointly.

It is conceded, however, that the court below entered a personal money judgment only against Turner, and did not order a decree of sale of the property. But this does not change the legal liability of the parties in the premises. If a money judgment only could be entered against Turner, the very same right existed against the other defendant, Sims. There is not a single fact contained in the record even tending to show that the plaintiff had a better or a separate right of action against Turner. In fact, the record

discloses no personal liability on the part of either of the defendants. It seems to be more in the nature of an action *in rem* than one involving any personal responsibility.

The next error complained of is that the court below could not legally enter judgment against one of the defendants after having sustained a general demurrer to the complaint upon the ground that such pleading "did not state facts sufficient to constitute a cause of action." Sims interposed this demurrer, which was very properly sustained. By the judgement on this demurrer, the court determined that there were not facts enough stated, taking all those well pleaded to be true, to entitle the plaintiff to recover against the defendant so demurring. And yet, as before observed, there is not a single averment in the complaint that does not equally apply to both defendants. But besides this, it presents the anomaly of the court declaring a pleading totally insufficient in its statement of facts to support or authorize a judgment against one defendant but that the same allegations are sufficient as to another. This might be true if there were facts stated in relation to one that did not apply to the other, but such is not the case under discussion. By the decision on the demurrer it was adjudged by the court that the complaint did not contain a cause of action, although all the facts properly pleaded were conceded to be true and still judgment was rendered on such pleading without any amendments having been made thereto. This we must hold to have been error.

Another error assigned by the appellant is that the judgment by default does not follow the relief asked. In this action the defendants were notified that unless they appeared and answered, default would be entered against them, and that application would be made to the court for the relief demanded. This relief was, as before suggested, for the foreclosure of a mechanic's lien and a decree of sale of the incumbered premises to satisfy plaintiff's demand. This the defaulting defendant may have been willing to allow, more particularly when we recollect that there is nothing contained in the complaint tending to show that there is no personal liability on the part of the defendants. Hence, in

taking a personal or money judgment only, the plaintiff did not take the relief he notified the defendant he would ask of the court.    In cases of trial the plaintiff should receive such judgment as he shows himself entitled to under the pleadings and proofs.    But when judgment is entered upon the default of the defendant, the recovery must follow the prayer of the complaint.    In the case of *Burling* v. *Goodman et al.*, found in 1 Nevada, the supreme court say that " when judgment is taken by default, the plaintiff is confined to a recovery of the particular amount or thing demanded in the prayer of the complaint.    If the prayer be for judgment of one thousand dollars, the plaintiff can not legally take judgment for a greater amount.    Or if he pray for the possession of specific personal property, he can not have judgment for the return of property of a different kind.    The reason and fairness of the rule are obvious.    The defendant by his default admits the justice of the claim, and thus consents that judgment be taken against him for what is prayed for in the first instance; whereas, if a greater sum or a different relief were demanded, he may appear and contest the claim as unjust and unreasonable."    (See *Lamping & Co.* v. *Hyatt et al.*, 27 Cal. 99.)

The last error assigned which we will notice is, Had the court jurisdiction of the person of the defendant Turner? It is contended by appellant that the court had not; that there is no evidence of service of process upon him.    There is a memorandum on the complaint of acceptance of the same and a waiver of copy of summons, which is signed by " Robert Turner."    In the record of this case, kept in the court below, is found, among others, this entry: "The summons in this action having been duly served upon the defendant Robert Turner," etc., which is signed by the judge presiding.    While it is true there is no rule or theory by which the court is presumed to know the signature of a party defendant, who has not appeared in the cause, yet under the well-established principle that all presumptions or intendments are in favor of the regularity of the proceedings of courts of record, we see no error in this.    It is presumed that the court below took evidence or was made

satisfied by some legal mode of the genuineness of the signature of the defendant accepting service.

There being therefore only a joint liability on the part of the defendants to the plaintiff, if any at all, a several judgment could not legally be entered against either of said defendants.

Judgment reversed.