(January 25, 1915.)

## WASHINGTON COUNTY LAND & DEVELOPMENT COMPANY, a Corporation, Appellant, v. THE WEISER NATIONAL BANK, a Corporation, Respondent.

[146 Pac. 116.]

APPEAL—UNDERTAKING FILED BUT OMITTED FROM TRANSCRIPT—APPEARANCE—STIPULATION—JURISDICTION—DEFAULT—JUDGMENT — RELIEF DEMANDED.

1.    A motion to dismiss an appeal upon the ground that no undertaking on appeal or deposit of money, in lieu thereof, was made or deposited with the clerk of the district court within five days after the service of the notice of appeal, will be denied and the appeal will be heard upon its merits when such an undertaking in due form and in the proper amount was, in fact, filed in time and transmitted to this court but omitted from the transcript through oversight on the part of the clerk.

2. A defendant appears in an action when he answers, demurs or gives the plaintiff written notice of his appearance or when an attorney gives notice of appearance for him.

3. A stipulation that the defendant have until a certain date to make settlement of the amount claimed by plaintiff and containing a promise on the part of the defendant that in the event the settlement is not made by that time, it will confess judgment in the action then pending between the parties, is not an appearance contemplated by sec. 4892, Rev. Codes.

4. In case the defendant fails to appear, answer, demur or otherwise plead within the time prescribed by statute, the district judge has jurisdiction and power at chambers to enter a default and to hear testimony thereon and to enter judgment.

5. In case the defendant fails to answer, the trial court is without power to grant relief not demanded in the complaint, and if there be no prayer accompanying the complaint and no relief demanded, no judgment can be entered in favor of the plaintiff.

APPEAL from the District Court of the Seventh Judicial District for the County of Adams. Hon. Ed. L. Bryan, Judge.

Suit to vacate and set aside judgment and to quiet title. Judgment for defendant. *Affirmed.*

Lynne F. Clinton, for Appellant.

The stipulation filed by appellant and respondent was a voluntary appearance within the purview of sec. 4149, Rev. Codes, and had the jurisdictional effect of an answer or demurrer. (*Cooper v. Gordon,* 125 Cal. 296, 301, 57 Pac. 1006.)

Powers conferred on a court cannot be exercised by a judge in vacation, even by consent of parties, unless a statute so provides. (23 Cyc. 545; *Bates v. Gage,* 40 Cal. 183; *Wicks v. Ludwig,* 9 Cal. 173.)

The omission of any prayer for relief is not a fatal defect. (*Sannoner v. Jacobson,* 47 Ark. 31, 14 S. W. 458; *Parker v. Norfolk etc. R. Co.,* 119 N. C. 677, 25 S. E. 722; *Iowa County v. Mineral Point Ry. Co.,* 24 Wis. 93.)

The prayer for relief is no portion of the statement of facts constituting a cause of action. The entire omission of any demand for judgment does not subject the complaint to a general demurrer. (*Fox v. Graves,* 46 Neb. 812, 65 N. W. 887; *Culver v. Rodgers,* 33 Ohio St. 537, 546.)

"If the facts stated in the complaint are established by the evidence and show that the plaintiff is entitled to any relief, the court may grant him such relief, although not prayed for." (*Anderson v. War Eagle Consol. Min. Co.*, 8 Ida. 789, 72 Pac. 671; *Presson v. Boone*, 108 N. C. 78, 12 S. E. 897.)

The want of a special or general prayer is not a defect involving the power or jurisdiction of a court to render a decree. (*Evans v. Schafer*, 119 Ind. 49, 21 N. E. 448; *Baxter v. Knoxville First Nat. Bank*, 85 Tenn. 33, 1 S. W. 501.)

Ed. R. Coulter, for Respondent, files no brief.

MORGAN, J.—This is an appeal from the district court of the seventh judicial district for Adams county, and is prosecuted from a judgment wherein the court refused to set aside a former judgment entered in a case in which respondent here was plaintiff and this appellant was defendant.

The defendant, Weiser National Bank, named as respondent herein, defaulted in the district court by its failure to answer or otherwise appear, but moved in this court to dismiss this appeal upon the ground that no undertaking on appeal, or deposit of money in lieu thereof, was made or deposited with the clerk of the district court from which this appeal was taken within five days after service of the notice of appeal upon said respondent, and alleges, among other things, that a copy of the said notice of appeal was served upon respondent on the 3d of December, 1913; that no undertaking on appeal was ever filed in said cause, as appears from the transcript on appeal.

An undertaking on appeal in due form and in the proper amount has been transmitted to this court in this case, and, as appears from the filing mark thereon, it was filed on December 6, 1913. As a matter of fact it does not appear in the transcript, probably through oversight on the part of the clerk, but the undertaking being in due form and in the proper amount and having been filed in time, the motion to dismiss will be denied and the appeal will be considered upon its merits.

Although the complaint in this case is not accompanied by a prayer and no relief is demanded, the apparent purpose of the action is to vacate and set aside the former judgment and to remove from the title to plaintiff's real estate the cloud thereby cast upon it.

In the former case the default of the defendant was entered and judgment was thereafter awarded to plaintiff at chambers. The defendant in the former case, plaintiff and appellant in this, has prosecuted this appeal upon the theory that the judge of the district court was without jurisdiction to enter said former judgment at chambers, for the reason, as it contends, that it appeared in said former action and is, therefore, entitled to a judgment in this case vacating and setting aside said former judgment. The document relied upon by appellant as an appearance in the former action is a stipulation between the parties and, omitting the title of the court and cause, is as follows:

## "STIPULATION.

"It is hereby stipulated by and between the respective parties to the above-entitled action, and their respective attorneys, that the Washington County Land and Development Company shall have up to and including November 1, 1912, in which to settle said action and have the suit dismissed at the instance of the Weiser National Bank, and that in the event that said suit is not settled and dismissed by November 1, 1912, that the Washington County Land and Development Company will confess judgment for the amount of the said promissory notes involved in said suit, together with interest and attendant costs and attorneys fees in such sum as the Court may adjudge reasonable not to exceed amt. prayed for.

"WASHINGTON COUNTY LAND AND DE-
VELOPMENT COMPANY.

"By LYNNE F. CLINTON,

"Its Attorney in Fact.

"WEISER NATIONAL BANK.

"By ED R. COULTER,

"Its Attorney in Fact.

"Filed Sept. 6, 1912.    C. W. Holmes, Clerk."

Appellant cites and relies upon the 17th subdivision of sec. 3890, Rev. Codes, conferring jurisdiction upon district judges at chambers, and the part of said section material to a decision of this case is as follows:

"Sec. 3890.   A district judge may sit at chambers anywhere within his district, and when so acting, has jurisdiction and power as follows: . . . .

"17th.   To enter defaults and to hear testimony thereon; and to enter judgment in default cases, where there has been no appearance or plea filed within the time prescribed by statute, and to give such judgments the same force and effect as though entered in open court."

In said case the defendant (appellant here) failed to answer, demur or otherwise plead, and unless the stipulation above quoted is an appearance in contemplation of the seventeenth subdivision of said sec. 3890, it made no appearance whatever in said case.

Sec. 4892, Rev. Codes, is as follows:

"A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him. After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given.   But where a defendant has not appeared, service of notice or papers need not be made upon him unless he is imprisoned in the action for want of bail."

In Words & Phrases, vol. 1, pages 449, 450, the following definitions, among others, of the word "appearance" are found:

"Where a paper, which has been voluntarily executed by the defendants in a suit pending therein filed, contains a recital, 'we hereby enter our appearance to said cause,' such phrase signifies that they make an appearance for every necessary purpose of the cause."   (Citing *Mutual Nat. Bank of New Orleans v. Moore,* 50 La. Ann. 1332, 24 So. 304, 306.)

"Appearance is the process by which a person against whom a suit has been commenced submits himself to the jurisdiction

of the court." (Citing *Flint v. Comly,* 95 Me. 251, 49 Atl. 1044, 1045.)

"An appearance is the formal proceeding by which a defendant submits himself to the jurisdiction of the court; the prescribed mode of complying with the exigency of the process." (Citing *Crawford v. Vinton,* 102 Mich. 83, 62 N. W. 988, 989.)

The stipulation is not an appearance contemplated by sec. 4892, Rev. Codes. It is an agreement that the appellant should have until Nov. 1, 1912, to make settlement of the claim of the respondent and a promise that, in the event settlement was not made by that time, it would confess judgment in the action then pending between said parties. It in no way bound the appellant to fail to answer, demur or give written notice of its appearance, nor did it bind the respondent to refrain from causing default to be entered for failure to do so. In said case, as shown by the judgment of the court, the appellant was duly served with process within the state of Idaho, and after the time for answering had expired, its default for failure to answer was duly entered. Had the said appellant not been regularly served with process the said stipulation would not be deemed an appearance contemplated by our code, nor would it have been process by which said appellant submitted itself to the jurisdiction of the court and thereby waived the service of the summons upon it, for it expresses no such intention.

Another question presented by this appeal is, Could any relief have been granted to the appellant by the trial court since none was demanded in the complaint and the respondent failed to answer?

Sec. 4360, Rev. Codes, provides for the entry of judgment if the defendant fails to answer the complaint. Subdivision 1 of said section refers to the entry of judgments in actions arising upon contracts for the recovery of money or damages only, and subdivision 2 of said section provides:

"In other actions, if no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, the clerk must enter

the default of the defendant; and thereafter the plaintiff may apply at the first or any subsequent term of the court for the relief demanded in the complaint. . . . . '' This section limits the plaintiff in his application to the court in case the defendant has not answered, to the relief demanded in the complaint, and sec. 4353, Rev. Codes, limits the court in granting relief in such case, and is as follows:

"Sec. 4353.    The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint embraced within the issue." (See *Lowe v. Turner,* 1 Ida. 107; *Wilson v. Boise City,* 7 Ida. 69, 60 Pac. 84.)

Since the defendant failed to answer in this case, the trial court was without power to grant relief not demanded in the complaint.    No relief was demanded in the complaint and no judgment could have been entered in favor of appellant.

For the foregoing reasons the judgment appealed from is affirmed and costs are awarded to the respondent.

Sullivan, C. J., and Budge, J., concur.