(No. 4961.   September 24, 1928.)

WALTER E. BACKMAN, BURNS WHEELER, DAVID A. BACKMAN and J. N. MIMM, Respondents, v. TIM DOUGLAS, Defendant, and EVANS BROTHERS LAND AND LIVESTOCK COMPANY, a Corporation, Defendant and Appellant.

[270 Pac. 618.]

Maurice M. Myers, for Appellant.

674

Bissell & Bird and A. Humphrey, for Respondent Humphrey.

BAKER, Commissioner.—On January 10, 1923, Walter E. Backman, Burns Wheeler, David A. Backman and J. N. Mimm commenced their action against Tim Douglas and Evans Brothers Land & Livestock Company (hereinafter referred to as the company or as appellant) to foreclose four farm laborers' liens, of which one was filed by each of the plaintiffs. The complaint alleged that during the year 1922 the company was the owner of a crop of hay then growing on certain land in Power county; that on or about June 1, 1922, it entered into a contract with Douglas by the terms of which he was to harvest the hay and that during July and August the plaintiffs were severally employed by Douglas to assist and did later assist in that work. The first, second and third causes of action, are, in all essential respects, identical and differ only in the names of claimants, the amounts due, the character of work performed and the period of employment. In each of these causes of action it is alleged, among other things, that the contract of employment was made with Douglas and that the amount claimed was due from him. The only reference to the company is that in each cause of action it is alleged its interest in the crop is subject and inferior to the claim of lien therein mentioned. In the fourth cause of action. founded upon the claim of J. N. Mimm, it is alleged the employment was by both Douglas and the company. In that cause of action it is alleged, as in the others, that the interest of the company is subject to the claim of lien. By further allegations each of the plaintiffs claimed additional wages under the provisions of C. S., sec. 7381, for the period of thirty days amounting to the sum of $65. Plaintiffs sought to recover as attorney's fee the sum of $150 for the enforcement of the liens and the further sum of $20 for preparing and filing claims of lien. They prayed that it be determined there was due to each the amount claimed, for decree foreclosing the liens and for deficiency "against the defendants personally liable."

The defendants were personally served but defaulted. On February 21, 1923, default was entered, proof was submitted and judgment or decree was ordered as prayed. On April 25, 1923, personal judgment was entered in favor of each plaintiff and against both defendants for the total amount claimed with interest and thirty days' wages in addition. The sums of $150 attorney's fees, $20 for preparation and filing claims of lien and $12.80 costs were allowed. There was no decree of foreclosure and in the judgment the liens were not mentioned.

The judgment was assigned to A. Humphrey, trustee, on January 2, 1926, and on January 11th the sheriff of Power county, pursuant to writ of execution, levied upon certain land as the property of the company. On February 2, 1926, the company filed its motion to vacate the judgment and to stay the execution thereof upon the ground that the complaint did not allege a personal liability and that the personal judgment was therefore void.

The plaintiffs attempted to justify the entry of personal judgment against the defendant company instead of judgment of foreclosure by showing by affidavit of the attorney who represented plaintiffs at the time judgment was entered that when the default proof was submitted evidence was offered to the effect that the company, after the commencement of the action, had fed the hay to its livestock; that the hay exceeded in value the amount of plaintiff's claims and that the company had thereby rendered itself personally liable to the plaintiffs for the payment of the amounts due to them.

The motions were in all respects denied and from the order the company has appealed.

Respondents move to dismiss the appeal and in support of such motion show that after the entry of the order appealed from real property of the appellant was sold on execution issued on the judgment; that thereafter the appellant by quitclaim deed transferred its interest in the property sold to a relative of its principal officers and that such grantee had redeemed the property from the sale. The

respondents in their motion allege that the conveyance was colorable only; that the redemption was made on behalf of the appellant and contended that no substantial controversy or issue remains. Upon the showing made the motion should be denied for two reasons: (1) The judgment was not fully satisfied by the sale; a small balance remained; (2) satisfaction of judgment by execution is not a voluntary payment. (*Power County v. Evans Brothers Land & Livestock Co.,* 43 Ida. 158, 252 Pac. 182.) The property was sold against the will of appellant and the redemption, if made by it, cannot be said to have been a voluntary payment, or an acceptance of the judgment or an abandonment of the appeal. (*Warner Bros. Co. v. Freud,* 131 Cal. 639, 82 Am. St. 400, 63 Pac. 1017; *Murphy v. Casselman,* 24 N. D. 336, 139 N. W. 802; *Clark v. John T. Porter Co.,* 288 Pa. 217, 135 Atl. 730.)

The various assignments of error present the question of whether the complaint states facts sufficient to support the judgment entered. The position of appellant is that the complaint is so defective and the relief so excessive as to render the judgment void upon its face. Since the motion was not made within the time limited by C. S., sec. 6726, the court had power to grant relief only in the event the void character of the judgment appeared from the judgment-roll. (*Nixon v. Tongren,* 33 Ida. 287, 193 Pac. 731; *Miller v. Prout,* 33 Ida. 709, 197 Pac. 1023; *Commonwealth Trust Co. v. Lorain,* 43 Ida. 784, 255 Pac. 909; *McAllister v. Erickson,* 45 Ida. 211, 261 Pac. 242; *Rice v. Rice, ante,* p. 418, 267 Pac. 1076.)

If the judgment is void in part and such void portion can be separated from the balance, relief may be granted to that extent. In such case the void portion will be vacated and the balance will be permitted to stand. (*Miller v. Prout, supra.*) The contention of respondents that relief will be granted only when a general demurrer to the entire complaint would be sustained is not entirely correct. It is true that a general demurrer will be overruled if any cause of action is stated, but it does not follow

that while a complaint may be sufficient to warrant a judgment of some character or in some amount, the court has jurisdiction to award all other relief the plaintiff may claim. The judgment is in such form as to permit separate consideration of each cause of action.

Jurisdiction of the question determined is one of the essentials of a valid judgment and such jurisdiction, at least in default cases, can be acquired only by appropriate allegations in the complaint. (*Gile v. Wood*, 32 Ida. 752, 188 Pac. 36; *Miller v. Prout, supra.*)

While, after judgment, every reasonable intendment is indulged in favor of the sufficiency of a complaint not attacked by demurrer and all inferences of fact which may be drawn from the facts stated must be deemed, within reasonable limits, included (*Miller v. Prout, supra; Newport Water Co. v. Kellogg*, 31 Ida. 574, 174 Pac. 602), and for the purpose of supporting the judgment the pleadings upon which it is based must be liberally construed (*The Mode, Ltd., v. Myers*, 30 Ida. 159, 164 Pac. 91), this court has not departed from the rule that a judgment, particularly in default cases, must be supported by allegations which fairly tend to apprise the defendant of the claims made against him and the relief sought by the plaintiff.

In *Gile v. Wood, supra,* it was held that a complaint in a foreclosure action which failed to allege a personal liability on the part of the purchaser of mortgaged premises would not support a provision in a decree allowing deficiency.

Since there was in none of the first three causes of action an allegation of personal liability on the part of appellant the court was without jurisdiction to enter, on these causes, judgment other than one of foreclosure.

The showing on the part of respondents that it was made to appear when default proof was submitted that appellant had appropriated and fed the hay can avail them nothing. The action was for foreclosure, not for conversion, and judgment against appellant for the amount due plaintiffs, not exceeding the value of the hay, could be had only upon a complaint containing appropriate allegations. No

judgment for the value of the hay converted could be recovered until appellant had had the opportunity to be heard upon issues formed in an action of that character. (*Commercial Nat. Bank v. Davidson,* 18 Or. 57, 22 Pac. 517.) The prayer for deficiency against the defendants personally liable warrants such judgment against the defendants alleged to be personally answerable and no other. (C. S., sec. 6829.)

As to the fourth cause of action a much different condition exists. The claim of lien asserted and the complaint alleged an employment by the appellant and by Douglas. While some of the allegations tend to support appellant's position that Mimm sought recourse only against the hay, we think the complaint is sufficient after judgment. The allegations in this cause of action apprised the appellant that Mimm claimed it was liable under the contract of employment for the payment of the wages due and thirty days additional wages. In the face of the allegations made appellant cannot now and in this court first question his right to recover. Upon the failure of the lien the court had the right to enter personal judgment against the appellant, who was alleged to be personally liable. (*Lus v. Pecararo,* 41 Ida. 425, 238 Pac. 1021.)

Respondents claimed attorney's fees only in connection with the foreclosure of the liens. There was no allegation that five days' demand for payment had been made in writing so as to authorize the allowance of attorney's fees under C. S., sec. 7380. Attorney's fees in foreclosure of lien actions are incidental to foreclosure (*Smith v. Faris-Kesl Construction Co.,* 27 Ida. 407, 150 Pac. 25), and since no lien was foreclosed no fees can be allowed. As to costs for preparation and filing the claim of lien it is sufficient to say there was no foreclosure of claim of lien or determination that Mimm was entitled to a lien. It follows that judgment for no part of the sum so allowed was authorized.

We conclude the judgment was void except as to the following items allowed upon the fourth cause of action: $73.75 wages with $2.20 interest, $65 for one full month's

additional wages and $12.80 costs, making a total of $153.75. We recommend that the order be modified and that the balance of the judgment be stricken and that appellant recover costs except cost of printing brief not filed within the time allowed by the rules.

Varian and Brinck, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court and the judgment is modified in accordance with the views therein expressed. Costs to appellant except cost of printing brief not filed within the time required.