(No. 5332. February 13, 1930.)

R. M. ANGEL, Respondent, v. THOMAS H. MELLEN, GUY R. YOUNG and RUPERT WINTERS, Directors of the CRYSTAL GOLD PLACER MINING COMPANY, and the CRYSTAL GOLD PLACER MINING COMPANY, a Corporation, Defendants; THOMAS H. MELLEN, Appellant.

[285 Pac. 461.]

J. B. Eldridge, for Appellant.

752

Frank Croner and R. M. Angel, for Respondent.

KOELSCH, District Judge.—On the eighth day of February, 1926, the respondent, R. M. Angel, filed his complaint in the district court of the fourth judicial district of the state of Idaho, in and for the county of Camas, alleging that he is a stockholder of the Crystal Gold Placer Mining Company, a corporation, named as one of the defendants, and that he brought the action for himself and all other stockholders of said corporation, similarly situated. He further alleges that the defendants, Thomas H. Mellen, Guy R. Young and Rupert Winters, are members of the board of directors of said corporation and constitute a majority of the said board, and that the said Thomas H. Mellen, at the times mentioned, was, and still is, the secretary-treasurer of the company. The complaint then alleges "that the defendants Thomas H. Mellen and Guy R. Young, with the consent and connivance of the defendant Rupert Winters, have been guilty of gross mismanagement of the affairs of the said company, and that the said Thomas H. Mellen, with the consent, knowledge and connivance of the other defendants herein, has misappropriated and diverted the funds of the defendant corporation, to the great and irreparable injury of the said corporation and its stockholders, and threatened to continue so to do unless restrained by order of this court."

The complaint then proceeds in seven paragraphs to particularize the "acts of mismanagement and misappropriation of funds as above set out," which paragraphs may be briefly summarized as follows:

That said Mellen failed to furnish, and said defendants failed and refused to require Mellen to furnish, a bond as secretary-treasurer, as required by the by-laws of the corporation; that the board authorized said Mellen to sell the treasury stock of the corporation for no less than ten cents per share, and (upon information and belief alleges) that he did sell, upward of 7,000 shares of such treasury stock, but that he failed to account for the proceeds, and that the other directors failed and refused to require him to so account; that the charter and by-laws of the corporation re-

quire that the books be kept in Camas county, Idaho, but that said Mellen, as secretary-treasurer, has taken the same without said county, and refuses to allow other stockholders to examine the same; that in October, 1925, at a meeting called and held without notice to the other stockholders, the board elected two new directors when there was no vacancy; that said new board delegated its powers to Mellen and made him general manager of the corporation; and that said Mellen has collected all of its moneys; and particularly that the defendant Guy R. Young, and one D. R. McKenzie, had large sums of money belonging to said corporation, which they sent to said Mellen, who appropriated the same to his own use and generally mismanaged the affairs of said company; all with the knowledge and consent and, in some instances, the active connivance of the other defendants herein.

And the complaint closes with this prayer: ''Wherefore plaintiff prays judgment that the said directors, defendants, of said corporation, and the said corporation be required by mandate to require the said Thomas H. Mellen to account for any and all moneys that may have come into his hands; that they require him to account for the moneys paid to him during the months of November and December, 1925, and January, 1926, when the mine was closed down, and require him to pay back any and all moneys illegally diverted by him; that they be restrained from paying such illegal salaries; that they require him to keep the corporate books at Fairfield, Idaho, the principal place of business of said corporation, open to inspection at any time during business hours to any stockholder; that they be restrained from committing any of the acts herein complained of, and for such other and further relief as to the court shall seem meet.''

All of the defendants having been regularly served with summons, but having defaulted, the court, on the twenty-ninth day of May, 1926, entered the following default judgment, to wit:

''Wherefore, by reason of the findings of facts hereinbefore made and filed in the above-entitled action, it is ordered, adjudged and decreed, that the defendant, Thomas

H. Mellen, pay to the Crystal Gold Placer Mining Company the sum of $1702.76. That the said Thomas Mellen be, and is hereby directed to return all books, records and other property belonging to the said Crystal Gold Placer Mining Company to its office in Fairfield, Camas County, Idaho, and that the officers of the board of directors of said Crystal Gold Placer Mining Company be, and are hereby enjoined from paying any money belonging to the said Crystal Gold Placer Mining Company to the said Thomas H. Mellen for wages, or otherwise, and that the officers, and directors, of said company are hereby directed to take such steps as may be necessary to recover from the said Thomas H. Mellen the sum of $1702.76 and deposit said sum when so recovered, to the account of the treasurer of the said company together with plaintiff's costs in this action, taxed at,

"Done in Chambers at Hailey, Idaho, this 29th day of May, 1926.

"H. F. ENSIGN,

"District Judge."

On the seventh day of November, 1927, being more than 17 months after the entry of said judgment, the defendant Thomas H. Mellen filed his motion, asking the court to strike those parts of said judgment reading as follows:

"It is ordered, adjudged, and decreed, that the defendant Thomas H. Mellen pay to the Crystal Gold Placer Mining Company the sum of $1702.76. . . . . "

"That the officers and board of directors of said Crystal Gold Placer Mining Company be and are hereby enjoined from paying any money belonging to the said Crystal Gold Placer Mining Company to the said Thomas H. Mellen for wages or otherwise and that the officers and directors of said company are hereby directed to recover from the said Thomas H. Mellen the sum of $1702.76 and deposit said sum when so recovered to the account of the treasurer of said company."

The reasons assigned for the motion are "that said portions of said judgment are in excess of the prayer of the complaint and void, and that the court had no jurisdiction

to render said judgment in said cause in excess of the prayer of the complaint, said judgment being a default judgment."

This motion was by the court denied, and it is from this order denying the motion that this appeal is taken.

It will be noticed that the judgment in parts is a judgment against the appellant individually, and in other parts runs against all the directors and officers of the defendant corporation, though only three out of the five members of the board are made parties to the action.

It will also be noticed that the prayer of the complaint makes no demand against the appellant Mellen individually, and that its demand for judgment against the directors is only against the directors who are defendants to the action. Respondent concedes that those parts of the judgment running against the appellant Mellen individually are not responsive to any specific demand of the prayer of the complaint, but contends that they are within the scope of the allegations in the body of the complaint, and are comprehended and justified under the clause of the prayer asking for general relief.

It is, of course, fundamental that a judgment must be responsive, not only to the prayer, but to the issues tendered by the pleadings. This idea underlies all litigation. (15 R. C. L. 604; *Burke Land & Livestock Co. v. Wells, Fargo & Co.,* 7 Ida. 42, 60 Pac. 87; *Dover Lumber Co. v. Case,* 31 Ida. 276, 170 Pac. 108.)

Even where an answer is filed the court cannot grant relief not embraced within the issues. (C. S., sec. 6829; *Brunzell v. Stevenson,* 30 Ida. 202, 164 Pac. 89.)

And when no answer is filed the court is limited to the relief demanded in the complaint. (C. S., sec. 6829; 15 R. C. L. 605; *Lowe v. Turner,* 1 Ida. 107; *Wilson v. Boise City,* 7 Ida. 69, 60 Pac. 84; *Washington Land & Dev. Co. v. Weiser Nat. Bank,* 26 Ida. 717, 146 Pac. 116; *Gile v. Wood,* 32 Ida. 752, 188 Pac. 36; *Sache v. Wallace,* 101 Minn. 169, 18 Am. St. 612, 11 Ann. Cas. 348, 112 N. W. 386, 11 L. R. A.,

N. S., 803; *State v. District Court*, 33 Wyo. 281, 238 Pac. 545.)

██ And though "for the purpose of supporting a judgment the pleadings upon which it is based must be liberally construed," the rule is "that a judgment, particularly in default cases, must be supported by allegations which fairly tend to apprise the defendant of the claims made against him and the relief sought by the plaintiff." (*Backman v. Douglas*, 46 Ida. 671 (678), 270 Pac. 618.)

Does the complaint in this action apprise the defendant that if he did not answer the same a judgment of $1702.76, or any other sum, would be taken against him? Does it apprise him that if he did not appear a judgment might be entered against him directing him to return the books and other property of the corporation to its office in Fairfield, Camas county, Idaho?

True, the complaint does allege that he was authorized to sell the treasury stock of the corporation for not less than ten cents per share, and that he sold upward of 7,000 shares of such stock and failed to account for the proceeds; and, further, that he received other large sums of money belonging to the corporation which he appropriated to his own use; and it also alleges that he has taken the stock books and the seal of the corporation out of Camas county, Idaho, and keeps them outside of said county. Clearly these acts and facts state no definite cause of action against him; nor are they alleged as a cause of action against him. They are merely specified and include with and among the particular facts and acts charged against all of the named directors as constituting the gross mismanagement of the affairs of the corporation by the said named directors, which, and which alone, is the cause of action charged in the complaint, and accordingly, when he looked at the prayer of the complaint, he found that all it asked was that the board of directors of the corporation be "required by mandate" to require him to account for all moneys alleged to have come into his hands, and require him to pay back all moneys illegally diverted by him, and that they, the board of directors, re-

quire him to keep the corporate books at Fairfield, Idaho. All of these things he may have been perfectly willing to do, and since all of the misfeasances charged against him are alleged to have been done with the knowledge and consent of a majority of the board of directors, he might have been able, or at least may have believed himself able, whenever such demand should be made upon him, to give an accounting, sufficient under the law, if not satisfactory to the complaining stockholder.

Clearly the relief granted against him is not consonant with the case made by the complaint. It is without the scope of what is alleged in the complaint, and in excess of what is prayed for. By the judgment the court presumed to decide questions that were not before it for decision; hence it did not have jurisdiction so to do. (*Gile v. Wood*, 32 Ida. 752, 188 Pac. 36.) Such a judgment is void and may be vacated on motion made at any time; or, if not void in its entirety, the void parts, if separable from the balance, may be vacated. (*Backman v. Douglas, supra; Miller v. Prout*, 33 Ida. 709, 197 Pac. 1023; *Jensen v. Gooch*, 36 Ida. 457, 211 Pac. 551; *Weil v. Defenbach*, 36 Ida. 37, 208 Pac. 1025.)

But respondent insists that the judgment may nevertheless be upheld because it is responsive to the clause of the prayer to the complaint asking for general relief. To support this contention he has cited the case of *Cohen v. Cohen*, 150 Cal. 99, 11 Ann. Cas. 520, 88 Pac. 267. That was an action for divorce and the matter pointed out in the judgment as being in excess of the demands of the complaint was the provision for alimony. The court overruled this contention, quoting in support of its action from *Gaston v. Gaston*, 114 Cal. 545, 55 Am. St. 86, 46 Pac. 609, the following: "The provision for support in such cases is ordinarily an incident of the judgment of divorce; the jurisdiction of the Court (which is the extent of our concern at present) to make such provision is not dependent upon averments in the complaint of the husband's resources any more than the

power to dispose of the children depends upon an allegation of the relative fitness of the parents for their custody.'' The case is not an authority for the contention that relief outside of the allegations of the body of the complaint may be granted under the prayer for general relief, in cases other than those in which the additional relief is an incident of the nature of the case.

We cannot subscribe to a general rule which confines a plaintiff to recovery of what he shows himself entitled to under the pleadings and proofs when there is an answer and a trial (*Lowe v. Turner*, 1 Ida. 107 (112), and allows him when no answer is filed to recover beyond the allegations of his complaint, under a prayer for general relief. (*Kent v. Lake Superior Ship. etc. Co.*, 144 U. S. 75, 12 Sup. Ct. 650, 36 L. ed. 352; *Vila v. Grand Island Elec. Light etc. Co.*, 68 Neb. 222, 110 Am. St. 400, 4 Ann. Cas. 59, 94 N. W. 136, 97 N. W. 613, 63 L. R. A. 791; *Ward v. Newbold*, 151 Md. 689, Ann. Cas. 1913A, 919, 81 Atl. 793.)

Appellant's motion to strike does not go to the whole judgment. It is directed only to two provisions therein. The first is that part of the judgment awarding a personal judgment for $1702.76 against him in favor of the Crystal Gold Placer Mining Company. The second provision designated by appellant's motion is that enjoining the officers and board of directors of the corporation from paying money of the corporation to said Mellen, and directing them to recover from him the said sum of $1702.76. This part of the judgment is, in response to the allegations and prayer of the complaint, whatever may be said as to its validity against all of the board of directors when only three out of five are parties defendant, a matter with which we are not here concerned.

We therefore hold that that part of the judgment awarding a personal judgment against the appellant for the sum of $1702.76 is void on the face of the record, and that the order from which this appeal is taken should be modified so as to vacate the said part of said judgment.

The cause is remanded, with instructions to proceed in accordance with this opinion.

Costs are awarded to appellant.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.