(No. 6125.   January 19, 1935.)

JAMES NIELSON, Respondent, v. FRANK D. GARRETT et al., as Trustees of OLD CHARLES DICKENS MINING COMPANY (Formerly IDAHO KNICKERBOCKER MINES COMPANY), a Defunct Corporation, et al., Defendants; DICKENS CONSOLIDATED MINES COMPANY, a Corporation, Appellant.

[43 Pac. (2d) 380.]

Walter H. Hanson and Whitla & Knudson, for Appellant.

242

James F. Ailshie, Tannahill & Durham and Elmer E. Johnston, for Respondent.

HOLDEN, J.—This is a suit to foreclose a trust deed on patented mining claims, located in Shoshone county. It was commenced March 17, 1924 (at which time Old Charles Dickens Mining Company had forfeited its charter), by James Nielson, as trustee of the bondholders, against said Old Charles Dickens Mining Company, a corporation, and others. After the filing of the original complaint in foreclosure, but prior to the filing of the third amended and supplemental complaint, Old Charles Dickens Mining Company transferred and conveyed its interest in the property, covered by the trust deed, to one Kratzer, and then Kratzer conveyed and transferred the property to appellant Dickens Consolidated Mines Company.

This case was before the court on a former appeal (*Nielson v. Old Charles Dickens Min. Co. et al.*, 51 Ida. 40, 1 Pac. (2d) 193), where a chronological history of the case up to the date of the appeal may be found. Upon that ap-

peal, an order dismissing the suit in the trial court for want of prosecution was reversed July 3, 1931. Thereafter, to wit, July 5, 1933, an order was apparently made, but not filed until July 11, 1933, under and by which the last board of directors, and, therefore, the statutory trustees of Old Charles Dickens Mining Company, as such trustees, were permitted to adopt the answer of that company, the said answer being ordered filed *nunc pro tunc*, that is to say, as of July 18, 1924, and on the day of the adoption of that answer, to wit, July 5, 1933, the suit was dismissed as to defendant A. W. Davis, and the default of appellant Dickens Consolidated Mines Company (made a party defendant after the commencement of the suit because it was the successor in interest and title of said Old Charles Dickens Mining Company), and all other defendants, excepting said Old Charles Dickens Mining Company, and the said statutory trustees, was entered. Whereupon, proof was submitted, findings of fact and conclusions of law made, dated July 5, 1933, and thereafter, July 11, 1933, filed, and on that day decree of foreclosure was entered, the trial court reserving and retaining jurisdiction ''for the purpose of hearing and adjudging the claims of and amounts due bondholders and the method and manner of holding, preserving, apportioning or disposing of said property in the event of its purchase by plaintiff, as trustee, and also for the purpose of hearing and determining the claims of all bondholders as to the amount due each and the matter . of payment or prorating in the event the sale does not realize to plaintiff enough to pay said indebtedness, costs and expenses in full.''

November 21, 1933, appellant Dickens Consolidated Mines Company filed notice of motion and motion to vacate the decree of foreclosure. The motion was made under section 5–905, I. C. A., providing, among other things, that ''the court may . . . . after notice to the adverse party'' grant relief. Neither the notice nor the motion to vacate was

served upon the statutory trustees of the Old Charles Dickens Mining Company, which had forfeited its charter before this suit was commenced, as hereinbefore stated, but the notice and motion were served upon respondent Nielson. January 31, 1934, the motion was denied. This appeal is from the order denying the motion to vacate the judgment.

The statutory trustees, Garrett, Miller, Nestos, Sargent and Roeder, moved to dismiss the appeal of appellant Dickens Consolidated Mines Company, upon the grounds that they are adverse parties to appellant; that a reversal or modification of the decree would affect them; that a large part of the outstanding bonds foreclosed is owing to them, and that they were not served with either the notice of intention or motion to vacate the decree. Respondent Nielson joins the said statutory trustees in the motion to dismiss the appeal.

█ Respondent urges that in determining whether a party is, or is not, an ''adverse party,'' the court will look only to the judgment sought to be vacated, and that if, on the face of the judgment, it appears that a party not served is interested, ''and that a reversal or modification of the judgment will adversely affect him, the court will refuse to interfere with the judgment or consider the appeal without such adverse party being duly served.'' In passing upon a motion to dismiss an appeal, this court will consider the judgment-roll, as well as, upon a proper showing, any and all pertinent facts and circumstances outside of that record. (*Abels v. Turner Trust Co.*, 31 Ida. 777, 778, 176 Pac. 884.)

█ It is properly made to appear on this appeal, among other things, that said Old Charles Dickens Mining Company, owner of the mortgaged property, transferred and conveyed its interest in the property to one C. Fred Kratzer; that Kratzer thereafter conveyed the property to appellant Dickens Consolidated Mines Company, so that said Old Charles Dickens Mining Company had and has no interest

in or to said property, nor have the statutory trustees of that company, either personally or as such trustees. As stated in respondent's brief, "The action was commenced by Nielson to foreclose a trust deed or mortgage given to secure a bond issue. The only interest of Nielson is that as trustee for the creditors, or bondholders. Garrett, Miller, Nestos, Sargent and Roeder are bondholders. They were made defendants by reason of the fact that they were the last board of directors of the defendant Old Charles Dickens Mining Company, which forfeited its charter and these defendants were brought in as trustees of the defunct corporation." Therefore, trustee Nielson is concededly, as well as in fact, the representative of the bondholders, and neither the bondholders nor the statutory trustees were, or are, parties to this suit in their individual capacity, and no personal relief is sought by, nor was a personal judgment taken against, either or any of said bondholders or statutory trustees, nor is the appellant seeking any relief against any of its co-defendants. Hence, neither Old Charles Dickens Mining Company, nor its statutory trustees, could be adversely or prejudicially affected by any decision vacating, modifying or reversing the decree within the meaning of section 5–905, *supra*.

Respondent attempts to draw an analogy between a motion to set aside a default, under section 5–905, *supra,* and notice of appeal under section 11–202, I. C. A. But, without deciding whether such an analogy may, or may not, be properly drawn, it is enough to say that the bondholders are not "adverse parties" within the meaning of either statute, as interpreted by this court. (*Consolidated W. & M. Co. v. Housman,* 38 Ida. 343, 221 Pac. 143; *Sonleitner v. McLaren,* 52 Ida. 791, 20 Pac. (2d) 1014.)

The motion to dismiss the appeal is denied.

The numerous errors assigned by appellant, when analyzed, present the following questions for determination:

(First) Did the trial court err in denying appellant's motion to set aside the decree of foreclosure?

December 16, 1929, appellant moved to dismiss the suit for want of prosecution. April 25, 1930, an order was entered dismissing the case for want of prosecution, from which an appeal was taken to this court. July 3, 1931, this court held that the trial court improperly dismissed the suit, and reversed the order of dismissal. (*Nielson v. Old Charles Dickens Min. Co., supra.*) The case was tried July 5, 1933. Appellant's counsel, who was one of its directors, its treasurer, and its managing agent in Idaho, was present in court when application for default against it was made, but instead of asking for further time within which to answer (it already had two years), walked out of court, and notwithstanding the fact that on July 5, 1933, appellant had notice of default taken against it, it did not move to vacate and dismiss until three and a half months thereafter, to wit, November 21, 1933.

A motion to vacate a default judgment is addressed to the sound judicial and reviewable discretion of the trial court. Therefore, an order refusing to vacate a default judgment will not be reversed unless the trial court has abused its discretion. (*Nuestel v. Spokane International Ry. Co.,* 27 Ida. 367, 149 Pac. 462; *Peters v. Walker,* 37 Ida. 195, 215 Pac. 845.) Appellant having had two years before entry of the default judgment within which to have answered, and having failed, for three and a half months after the notice of the application for default, to move to set it aside, we conclude that the trial court did not abuse its discretion. (*Savage v. Stokes,* 54 Ida. 109, 28 Pac. (2d) 900.)

(Second) Did the affidavit of defendant A. W. Davis, made under section 1-1801, I. C. A., as amended 1933 Sess. Laws, page 463, disqualify the trial judge, and, consequently, oust the court of jurisdiction to proceed to try the case, and render and enter decree of foreclosure?

Before ordering or causing default to be entered, or proceeding to try the case, the trial judge, upon the application of respondent, dismissed the suit as to the defendant Davis. The disqualification of the trial judge to try the case existed, under the affidavit, only as to Davis. Consequently, when the suit was dismissed as to him, the disqualification of the trial judge was thereby completely removed.

(Third) Is the decree of foreclosure void on its face because it exceeds the relief sought by the complaint in foreclosure?

Trustee and respondent Nielson does not allege that appellant assumed or agreed to pay either the unpaid bonds, or the balance, or any part of the mortgage debt, as evidenced by the outstanding bonds, nor does respondent Nielson allege any facts upon which to base a deficiency or "personal" judgment against the appellant, nor does the prayer of the complaint seek that relief. With the exception that respondent Nielson prayed for the return of certain personal property, claimed to have been removed from the mining claims, or judgment for its value, the prayer is in the usual form, and, among other things, prayed that "the mortgage hereinabove set out may be adjudged to be a valid, first and prior lien upon all of the real and personal property in said mortgage and hereinabove described, and particularly the personal property described in paragraph 18 of plaintiff's complaint (being the personal property described in the trust deed), and that said mortgage may be foreclosed on all of said property; . . . . that a decree in the premises may be made by this court directing that a sale of said real property and personal property, or so much thereof as may be necessary, may be made to pay the said judgment according to law, and the practice of this court. . . . . "

Nevertheless, it was "Ordered, Adjudged and Decreed that if the said property shall not sell for enough to pay

the costs and expenses, trustee's commissions and fees, attorney's fees, and the principal and interest still due on the outstanding and unpaid bonds secured by said mortgage or trust deed, a deficiency judgment shall be entered for the balance remaining due against the defendant Dickens Consolidated Mines Company, a corporation, and it is adjudged and decreed that the said company promised and agreed to pay all of said bonds, together with the interest thereon, and that it is personally liable therefor.''

And it was ''further adjudged that bonds of said issue secured by the said mortgage or trust deed, and which said bonds have been paid off by the said defendants since the commencement of this action, may be received in part payment at their face value with accrued interest to the date of their payment and cancellation.''

On September 15, 1933, the mortgaged mining claims, as well as all personal property located thereon, including personal property placed on such claims after the trust deed was executed and delivered, not described in or covered by that deed, were sold at sheriff's sale, under and pursuant to the decree.

Section 7–704, I. C. A., provides as follows:

''The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint embraced within the issue.''

That statute expressly limits the relief which may be granted to a plaintiff, if there be no answer (as in this case), to that demanded in the complaint. And this court, in interpreting that statute, has held that a judgment must be responsive not only to the prayer, but to the issues tendered by the pleadings; that where no answer is filed, the court is limited to the relief demanded in the complaint, and that a judgment, particularly in default cases, must be supported by allegations which fairly tend to apprise de-

fendant of the claims made against him and the relief sought by plaintiff. (*Angel v. Mellen*, 48 Ida. 750, 285 Pac. 461; *Miller v. Prout et al.*, 33 Ida. 709, 197 Pac. 1023; *Gile v. Wood*, 32 Ida. 752, 188 Pac. 36; *Washington County Land & Development Co. v. Weiser Nat. Bank*, 26 Ida. 717, 146 Pac. 116. See also the case of *Sonleitner v. McLaren, supra.*)

Respondent Nielson, not having alleged that the appellant was indebted to him, as such trustee, in any sum or amount, nor that appellant had assumed or agreed to pay either the principal on the outstanding bonds, or interest thereon, evidencing the unpaid portion of the mortgage debt, it follows that the trial court was without jurisdiction to order or enter a deficiency or "personal" judgment against appellant for any sum or amount, or to in any manner apply its bonds, either principal or interest, to the payment of any part of the unpaid mortgage debt, or to deprive appellant of any accrued and unpaid interest on its bonds. The appellant is entitled to share *pro rata* with all other bondholders in the mortgaged property, or the proceeds of the sale of that property, and the trial court is hereby directed to treat appellant as being so entitled to share in such property, and if a sale of any personal property, not described and included in the trust deed and third amended and supplemental complaint, has been made, it is void because in excess of the relief demanded by that complaint. (*Angel v. Mellen, Miller v. Prout, Gile v. Wood, Washington County Land & Development Co. v. Weiser National Bank*, and *Sonleitner v. McLaren, supra.*)

The decree is reversed in so far as it grants relief in excess of that demanded in the complaint, in the particulars hereinbefore pointed out. It is modified, with directions, in the particulars also herein pointed out. And it is affirmed in so far as it affects and decrees a foreclosure of the mortgage lien upon and a sale of the real and personal property described in the trust deed and third amended and supple-

mental complaint in foreclosure, which shall not include any personal property placed upon the mining claims by appellant. No costs allowed to either appellant or respondent.

Givens, C. J., and Morgan and Wernette, JJ., concur.

Budge, J., dissents.

Petition for rehearing denied.