233 P.2d 423

COBB v. COBB.

Nos. 7693–7731.

Supreme Court of Idaho.

June 26, 1951.

Chas. E. Horning, Albert J. Graf, Wallace, for respondent.

KEETON, Justice.

On January 4, 1950, plaintiff, respondent here, filed an action in the district court, Shoshone County, to secure a decree of divorce from defendant and other relief hereinafter more particularly referred to. The complaint, among other things, alleged that the community property accumulated during the period of said marriage had been satisfactorily divided between the plaintiff and defendant with the exception that the defendant was to pay plaintiff the sum of $3,500. The complaint did not allege any

J. Ward Arney, Coeur d'Alene, for appellant.

sum claimed for attorney fees, but in the prayer the plaintiff asked for $125 attorney fees and $25 court costs. The complaint did not contain any description of property alleged to be community or otherwise. Summons was served on the defendant, and thereafter on the 27th day of April, 1950, his default was entered. The court, Honorable Albert H. Featherstone, judge, on testimony submitted entered findings and decree, which contain the following statement: "The plaintiff appeared in person and was represented by her attorneys, * * *. The defendant did not appear and was not represented by counsel, his default having theretofore * * * been duly and regularly entered herein by reason of his failure to answer or otherwise plead to plaintiff's complaint * * *." The court thereupon entered a decree granting plaintiff a divorce, setting aside the property settlement pleaded in plaintiff's complaint, adjudged the same void, and awarded her a large amount of real and personal property found to be community property, and further allowed the plaintiff $1,500 attorney fees. Thereafter the defendant appeared and filed a motion to vacate the decree "as to all portions of the decree affecting the property allocation and disposition" for the reason "the court had no jurisdiction to enter those portions of the decree hereby attacked, which extended beyond the allegations of the complaint * * *." The court, Honorable A. L. Morgan presiding, Judge Featherstone having been disqualified, entered an order denying the motion. Defendant appealed from the judgment and from the order denying the motion to vacate the same.

It will be noted that the court by default judgment entered a decree granting plaintiff relief supported by no allegation in the complaint or prayed for, and that the findings were not conformable to allegations in the complaint.

It is not disputed that the findings and decree granted the plaintiff more attorney fees and a greater property settlement than alleged or supported by the complaint, or asked for in the prayer.

The question for decision is whether or not a decree or judgment entered by default, granting plaintiff more relief than is supported by the allegations of the complaint, and not prayed for, can be upheld.

Sec. 10-704 I.C. provides: "The relief granted to the plaintiff, if there be no answer, can not exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint embraced within the issue."

It is fundamental that where a defendant fails to appear or answer the trial court is without power or jurisdiction to grant relief not demanded in the complaint. Lowe v. Turner, 1 Idaho 107; Washington County Land and Development Company v. Weiser National Bank, 26 Idaho 717, 146 P. 116; Gile v. Wood, 32 Idaho 752, 188 P. 36.

Further, judgments must be supported by allegations in the complaint which fairly tend to apprise the defendant of the claims made against him and the relief sought. Backman v. Douglas, 46 Idaho 671, 270 P. 618; Angel v. Mellen, 48 Idaho 750, 285 P. 461; Gile v. Wood, supra; Nielson v. Garrett, 55 Idaho 240, 43 P.2d 380.

Where no answer is filed plaintiff is limited to the allegations of his complaint, although it contains a prayer for general relief. Angel v. Mellen, supra.

The proposition contended for by appellant is so elementary that an extensive review of citations of authority would add nothing to this opinion.

The rule applicable here, supported by authorities, is stated in 49 C.J.S., Judgments, § 214, page 378 as follows: "A judgment for plaintiff by default must strictly conform to, and be supported by, the allegations of the petition or complaint, * * *."

The setting aside of the decree settling the property rights of the parties, hereinafter ordered, leaves the rights of the parties in the community. property undetermined, and plaintiff may have the community property rights adjudicated in this case by proper pleading, service and proof, or by other appropriate proceedings.

The judgment and order appealed from are therefore reversed with instructions to the trial court to sustain the motion to vacate and set aside the judgment except that part which granted the plaintiff a decree of divorce. Costs to appellant.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.