327 P.2d 376

Herbert G. RICKMAN, Plaintiff-Respondent,

v.

Nicole B. RICKMAN, Defendant-Appellant.

No. 8620.

Supreme Court of Idaho.

June 26, 1958.

W. C. MacGregor, Jr., Grangeville, for appellant.

Wm. H. Foster, Grangeville, for respondent.

McQUADE, Justice.

This is an appeal from a default judgment for divorce entered after the trial court had overruled a general demurrer to the complaint.

The plaintiff below, respondent herein, on May 7, 1957, filed a complaint seeking a a divorce from the defendant, appellant herein, on the grounds of mental cruelty. There was no allegation in the complaint concerning the residence of the plaintiff. Defendant demurred on the ground the complaint did not state facts sufficient to constitute a cause of action against her. A hearing of the demurrer was set for June 14, 1957, but the hearing was canceled because the attorney for the defendant withdrew as counsel on June 13. Thereafter the plaintiff notified the defendant to appoint an attorney and filed an affidavit wherein it stated that a copy of the notice had been mailed to the defendant. The twenty-ninth day after the mailing of the notice, hearing on the demurrer was had without the defendant's or her counsel's being present, and at that time the court

overruled the demurrer and allowed the defendant 30 days in which to file her answer. A copy of this order was mailed to the defendant in East Rochester, New York, and an affidavit of mailing was filed with the clerk of the court. The defendant did not file an answer, and her default was entered by the clerk of the court. On September 19, 1957, a hearing was had and a decree dissolving the marriage was granted by the court to the plaintiff.

From this decree the defendant has taken her appeal. She urges a reversal on the ground the trial court committed error in overruling the demurrer, inasmuch as the complaint failed to allege plaintiff's residence.

In the case of Robinson v. Robinson, 70 Idaho 122, 212 P.2d 1031, 1034, this Court discussed the question of residence requirement at length, and in part related:

"The respondent in this proceeding seeks to void the decree both on the ground that the court was without jurisdiction, and that the statutory requirement of six weeks residence was not shown. As to the first it is asserted that he did not establish a domicil in Idaho because the necessary intent does not appear. When the complaint was filed and service had, it became necessary for the court to entertain the suit to the extent of determining whether it had jurisdiction of the res. That is, the court was required to determine whether plaintiff had established a domicil in Idaho. The district court has inherent power to pass upon its own jurisdiction. (Citing cases.) If the court determines that it has jurisdiction it will proceed to try other issues raised and enter judgment. If it determines that it does not have jurisdiction it will not try the other issues, but will dismiss the action without judgment on the merits. Winston v. Winston, 50 App. D.C. 321, 271 F. 551. * * *"

·The Court in the case of Robinson v. Robinson, supra, gives vitality to the mandatory requirements of Idaho Code sec. 32–701 which is set forth as follows:

"A divorce must not be granted unless the plaintiff has been a resident of the state for six full weeks next preceding the commencement of the action."

In further elaborating on this statutory provision, the Court in Robinson v. Robinson, supra, said:

"* * * This section does not diminish the jurisdiction of the district court. It merely prescribes a condition or qualification which the plaintiff must meet to entitle him to a divorce. In re McNeil's Estate, 155 Cal. 333, 100 P. 1086; DeYoung v. DeYoung, 27 Cal.2d 521, 165 P.2d 457;

Schillerstrom v. Schillerstrom, 75 N.D. 667, 32 N.W.2d 106, 2 A.L.R.2d 271; Thurston v. Thurston, 58 Minn. 279, 59 N.W. 1017; Kern v. Field, 68 Minn. 317, 71 N.W. 393, 64 Am.St. Rep. 479; Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198; Williams v. Williams, Tex.Civ.App., 146 S.W.2d 1013; Therwhanger v. Therwhanger, Tex.Civ.App., 175 S.W. 2d 704. * * *"

By not alleging the residence requirements in the complaint and thereafter securing a judgment on the complaint, the rule as laid down in the case of Angel v. Mellen, 48 Idaho 750, 285 P. 461, 463, has been violated. Therein it was said:

"Clearly the relief granted against him is not consonant with the case made by the complaint. It is without the scope of what is alleged in the complaint, and in excess of what is prayed for. By the judgment the court presumed to decide questions that were not before it for decision; hence it did not have jurisdiction so to do. Gile v. Wood, 32 Idaho 752, 188 P. 36. Such a judgment is void and may be vacated on motion made at any time; or, if not void in its entirety, the void parts, if separable from the balance, may be vacated." (Citing cases.)

This rule was reiterated more strongly in Cobb v. Cobb, 71 Idaho 388, 233 P.2d 423, 424, when it was said:

"The rule applicable here, supported by authorities, is stated in 49 C.J.S., Judgments, § 214, page 378 as follows: 'A judgment for plaintiff by default must strictly conform to, and be supported by, the allegations of the petition or complaint, * * *.'"

In Brown v. Bledsoe, 1 Idaho 746, this Court laid down the basic rule pertaining to a general demurrer:

"The defendants demurred to the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action. The court below sustained the same and gave judgment for defendants. A demurrer on this ground will lie when the defects in the complaint are such as would render the count bad on general demurrer at law, or bad for a want of equity in chancery. The complaint, therefore, to be overthrown on this ground, must present defects so fatal in character as to authorize the court to say, taking all the facts to be admitted, that they do not set forth a cause of action. * * *

"After a careful consideration of the complaint and agreement we are constrained to the opinion that the defects in the complaint above stated are so fatal in character as to destroy the force of the pleading and prevent a recovery in this action."

It is to be concluded that a decree cannot be granted in contravention to I.C. § 32–701, and by not alleging the fundamental essential the court cannot admit proof relative thereto. Therefore, the decree must be set aside. The trial court is directed to vacate the decree, enter an order sustaining the demurrer, and grant the plaintiff 15 days within which he may amend his complaint.

Costs to appellant.

KEETON, C. J., and PORTER, TAYLOR and SMITH, JJ., concur.