Appellant Frances H. Talley began working in the office of Sigler's Studio in Boise, in November, 1936, as a color artist and receptionist, and was continuously so employed from that date until August 31, 1940, when she voluntarily quit. The next day she married and moved to Nampa, where she has since resided with her husband.
On April 29, 1941, appellant filed her claim for unemployment compensation, using one of respondent's form applications. On May 6, 1941, respondent issued to appellant an "Initial Determination," whereby appellant was found "in all respects" eligible to receive benefit payments in the amount of $11 per week and a total benefit amount of $187, with a disqualification for five weeks of voluntarily leaving her employment without good cause connected therewith.
An amendment to the Unemployment Compensation Law became effective May 8, 1941 (1941 Session Laws, Chapt. 182, sec. 3, p. 401.), providing that one of the personal eligibility conditions of a benefit claimant should be that his unemployment is not due to his voluntarily quitting *Page 647 
of his last employment without good cause connected therewith. On July 22, 1941, the Unemployment Compensation Division of the Industrial Accident Board issued what it termed a "Corrected Initial Determination," whereby it then determined appellant ineligible for compensation because she had voluntarily quit her employment without good cause. On August 8, 1941, Claims Examiner George R. Gochnour denied appellant's request for a redetermination. On August 19, 1941, appellant filed a Petition for Hearing with the Industrial Accident Board, whereupon the Board directed a hearing be had before Bradshaw, Appeals Examiner. Hearing was duly had, and after finding the facts substantially as heretofore related, the appeals Examiner made the following conclusions of law:
"The claim filed by Frances H. Talley on 4-29-41 was a valid claim. An amendment to the Idaho Unemployment Compensation Law, effective May 7 [May 8], 1941, made one of the personal eligibility conditions of a benefit claimant that "his unemployment is not due to the fact that he left his last employment voluntarily without good cause connected with his employment." For a claim filed on 4-29-41 the determination issued on 5-6-41 was correct. On and after May 7, 1941 it becomes necessary to determine whether the claimant's unemployment for each week that she files claims for benefits is due to her voluntarily leaving her last employment without good cause connected with the employment. Benefits should be denied."
"The determination issued on 5-6-41 was given to the claimant with the understanding that benefits would become payable provided the claimant complied with all further eligibility requirements. When the law was amended, effective May 7 [May 8], 1941, it became necessary for the claimant to comply with the new requirements for eligibility. When the claimant was declared ineligible in the corrected determination given on 7-22-41, it should have been only for the period of time that her continued unemployment was due to her voluntarily leaving her last employment with R.H. Sigler. If during her benefit year established by her claim filed on 4-29-41 the claimant is unemployed, and such unemployment is not *Page 648 
due to her voluntarily leaving her last employment without good cause connected with the employment, she shall, if otherwise eligible, be entitled to benefits with a weekly benefit amount of $11 and a total benefit amount of $187."
Whereupon the following orders were entered:
"Frances H. Talley is ineligible for benefits as long as her continued unemployment is due to her voluntarily leaving her employment with R.H. Sigler without good cause connected with her employment.
"If Frances H. Talley becomes unemployed during her benefit year starting 4-29-41, and such unemployment is not due to her voluntarily leaving her last employment without good cause connected with the employment, she shall, if otherwise eligible, be entitled to benefits with a weekly benefit amount of $11 and a total benefit amount of $187."
In other words, the Appeals Examiner concluded that appellant, having voluntarily left her last employment without good cause, was ineligible, under the 1941 amendment, to receive unemployment compensation; but further concluded that should she again be employed and thereafter become unemployed, not by reason of her voluntarily quitting, she, if not otherwise disqualified, would become eligible to unemployment compensation under her Initial Determination of April 29, 1941.
The Industrial Accident Board, on appeal, affirmed the Appeals Examiner's ruling denying appellant's eligibility to unemployment compensation, from which ruling of the Industrial Accident Board this appeal is prosecuted.
Appellant's main position is that having established her benefit year by filing her claim prior to May 8, 1941, the effective date of the amendment, she acquired the right to serve compensable weeks thereafter, and to receive benefits in the total amounts set forth in her Initial Determination; that she acquired some sort of a vested right not subject to change by reason of the 1941 amendment.
The Initial Determination is preliminary and determines only whether a benefit year is established and whether or not disqualification should be assessed at that time. Such Initial Determination is not a final adjudication *Page 649 
of the right to unemployment benefits. (Sec. 3-7, p. 399, and sec. 5, p. 403, of Chapt. 182 of Session Laws of 1941.) During the benefit year, employees May be eligible one week and ineligible the following week.
There is no merit in appellant's point that she acquired sort of a vested right in the Unemployment Compensation Fund under the Initial Determination. (Shelley v. National Carbon Co.,285 Ky. 502, 148 S.W.2d 686.) Appellant's unemployment compensation is paid not less frequently than bi-weekly, that is, every two weeks. (Sec. 3-1, p. 396, of Chapt. 182 of Session Laws of 1941.) The Burden was on appellant to show her eligibility to compensation benefits.
The purpose and intent of the Unemployment Compensation Law, which should be liberally construed to accomplish its humanitarian purpose, is to provide unemplopment compensation benefits to those unemployed through no fault of their own. Compensation benefits paid to self-imposed unemployed would be payment contrary to the spirit and letter of the Unemployment Compensation Law.
Appellant was not necessarily eligible to unemployment compensation when she received her Initial Determination May 6, 1941. In any event, not until the expiration of five weeks thereafter, and then she would be required to show her eligibility for unemployment compensation. Neither was she entitled to unemployment compensation when she made application for such benefit June 10, 1941, for the reason that there was an additional eligibility requirement which disqualified her. (Sec. 3 (e), p. 401, of Chapt. 182 of Session Laws of 1941.)
Therefore, not being at any time eligible to unemployment compensation, she had no valid claim of which she could be deprived. Consequently no vested right existed in appellant's favor. (Shelley v. National Carbon Co., 285 Ky. 502,148 S.W.2d 686; Pennie v. Reis, 132 U.S. 464, 10 Sup. Ct. 149; 21 R. C. L. 242, Annotations, 54 A.L.R. 943; 98 A.L.R. 505; 112 A.L.R. 1009; Adams v. Ernst, 1 Wn.2d 254, 95 P.2d 799.) Sec. 24, p. 47 of Chapt. 12 of 3rd Ex. Session of 23rd Session of 1936 Legislature (See 1937 Session Laws) reads as follows:
"The legislature reserves the right to amend or repeal *Page 650 
all or any part of this act at any time; and there shall be no vested private right of any kind against such amendment or repeal. All the rights, privileges, or immunities conferred by this act or by acts done pursuant thereto shall exist subject to the power of the legislature to amend or repeal this act at any time."
In pursuance of the above statutory provision, the 1941 Legislature enacted the following provision:
"The personal eligibility conditions of a benefit claimant are that —
"His unemployment is not due to the fact that he left his last employment voluntarily without good cause connected with his employment or that he was discharged for misconduct in connection with his employment; provided that if such separation from employment was not wholly attributable to the claimant, he may be determined to be eligible; * * *." (Sec. 3 (e), p. 401, Chapt. 182 of 1941 Session Laws.)
Construing the two foregoing sections in pari materia, the Board did not give the latter amendment retroactive effect. (Shelley v. National Carbon Co., supra.) The Unemployment Compensation Law requires the eligibility of an applicant for unemployment compensation to be determined weekly before such applicant is entitled to receive benefits, for the reason that compensable weeks in a benefit year are not necessarily continuous and there may be several intervening periods of employment or other intervening cause arise between different compensable weeks in a benefit year, which may create an ineligibility. A compensable week can never be determined at the time the first claim for compensation benefits is filed and the Initial Determination made.
The parties litigant have not raised the question of the jurisdiction of the Industrial Accident Board, or of this Court, in this case and, for that reason, we do not discuss or decide it. (Big Wood C. Co. v. Unemployment C. Div. 61 Idaho 247,100 P.2d 49.)
We have therefore concluded that the Board's ruling should be sustained. Costs to respondent.
Morgan, Holden, and Ailshie, JJ., concur.
Givens, C.J., concurs in the conclusion reached. *Page 651