383 P.2d 612

**INTERMOUNTAIN FOOD EQUIPMENT
CO., Inc., a corporation, Plain-
tiff-Respondent,**

v.

**John A. WALLER, Jr., Jerry C. Wray, as
Receiver, and Steve Cooper,
Defendants-Appellant.**

No. 9108.

Supreme Court of Idaho.

June 28, 1963.

Rehearing Denied July 22, 1963.

Donart, Gunn & Weston Weiser, for appellant Jerry C. Wray, Receiver.

Martin & Martin, Boise, for respondent.

**McFADDEN, Justice.**

Plaintiff-respondent, instituted this action in July, 1959 to secure possession of articles of personal property sold John A. Waller, Jr., under a conditional sales contract dated February 1, 1957, and recorded pursuant to I.C. § 64–801. This contract was breached by the purchaser in failing to make the periodic payments required. The personal property consisted of restaurant and kitchen equipment for use in the Hotel Washington, at Weiser. During the pendency of this action, appellant Jerry C. Wray, Receiver, who had been receiver in another action, wherein real estate and chattel mortgage on the Hotel Washington was foreclosed, posted a re-delivery bond under the provisions of I.C. § 8–306 and retained possession of the subject property, which property was later sold by the sheriff in the mortgage foreclosure action.

After trial to the court, without a jury, findings of fact, conclusions of law and judgment were entered for respondent, and against appellant, in his official capacity as receiver, and not in his individual capacity. The judgment was for $6,000, which sum included the value of the property and attorneys fees. No monetary judgment was allowed against John A. Waller, Jr., he being served outside the state, and no judgment was entered against defendant Cooper, whose status was that of tenant of appellant. Mr. Wray, appealed from this judgment.

The allegations of respondent's complaint, in customary form for claim and delivery,

were generally denied by appellant's answer. Subsequently appellant sought to file a supplemental answer setting forth the defense of res judicata based on the judgment in the mortgage foreclosure action, wherein he was appointed receiver. This supplemental answer also alleged that appellant Wray had sold the subject property under court authority which sale had been confirmed by the court in settlement of his accounts and in discharging him from his duties as such receiver. The mortgage foreclosure action was in the same court and before the same judge as the instant action. The trial court refused to allow appellant to file his supplemental answer, and the case was tried on the issues as presented by the first answer. During the course of the trial appellant offered in evidence the files of two Washington County cases, i. e., Lloyd v. Barton, et al., No. 5531 (being the mortgage foreclosure action previously mentioned), and Kitts v. Waller, No. 5564, an action on promissory notes and assigned accounts. Appellant's theory in offering these files in evidence was to establish the defense of res judicata. The trial court refused admission of these files, and appellant specifies such refusal as error, as well as error in refusing to file the supplemental answer.

These two specifications of error pertain to the same issue as to whether the doctrine of res judicata was available to appellant as a defense in the instant action. In order to fully understand this issue, a brief recitation of the factual background leading to this litigation is in order.

At the time of execution of the conditional sales contract, defendant Waller was operating the Hotel Washington. Previously in 1948 the owners of the hotel had mortgaged it to the Connecticut Mutual Life Insurance Company, executing both real and chattel mortgages to secure the payment of a promissory note. The Insurance company assigned the note and mortgages to John B. Lloyd who instituted the mortgage foreclosure action of (Lloyd v. Barton, No. 5531), after default in payments. During the pendency of that action appellant Wray, was appointed receiver and after qualifying assumed possession of the real and personal property including the property subject to respondent's conditional sales contract.

Examination of the files in the mortgage foreclosure action discloses the mortgagors, Waller and others, including respondent Intermountain Food Equipment Company, Inc., were named as parties defendants and served with process. In the complaint, the interest of each defendant was specifically alleged and it was further alleged that respondent herein "has obtained a Judgment against the defendant John A. Waller, Jr., and caused a Writ of Execution to be issued on said Judgment and the bank account of the said John A. Waller, Jr., was attached

and garnished and applied on said Judgment but said judgment is not satisfied in full;" The complaint also alleged that the defendants (including respondent) "claim some right, title or interest in or lien upon the above described lands and personal property, either as purchasers, encumbrancers, lien holders or otherwise, but all such right, title or interest, * * * is inferior and subordinate in right to the lien of plaintiff's mortgage and chattel mortgage thereon." The prayer for relief was for judgment of foreclosure of the mortgages, and that the lien of plaintiffs real estate and chattel mortgages be adjudged as "superior to any right, title, interest, claim or lien of the defendants. * * *" Respondent made no appearance, and interposed no answer in the mortgage foreclosure action and its default was entered. In October, 1959, decree of foreclosure and sale was entered, and the real and personal property sold.

It is claimed that respondent, being a party to the foreclosure action is barred in claiming the personal property involved in the instant action. In Joyce v. Murphy Land & Irrigation Co., 35 Idaho 549, 208 P. 241, it was stated:

"We think the correct rule to be that in an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim, but also as to every matter which might and should have been litigated in the first suit."

In further discussing this doctrine, it was stated in Marshall v. Underwood, 38 Idaho 464, 221 P. 1105:

"The doctrine of res judicata, or estoppel by judgment, as it is sometimes termed, it a rule of law founded on the soundest consideration of public policy. If an action is brought and the merits of the question are discussed between the parties in open court and considered by the trial court, and a final judgment is obtained by either, the parties are then concluded and cannot again canvass the same question in another suit. The great preponderance of authority sustains the rule that the estoppel of a judgment covers all points which were actually litigated and which actually determined the judgment or finding, whether or not they were technically in issue on the face of the pleadings. * * *

"The true test is identity of issues. If a particular point or question is in issue in the second action, and the judgment will depend upon its determination, a former judgment between the same parties will be final and conclusive in the second action if that same point or question was in issue and adjudicated in the first suit;

otherwise not. And in order that this rule should apply, it must clearly and positively appear, either from the record itself or by the aid of competent extrinsic evidence, that the precise point or question in issue in the second suit was involved and decided in the first."

█ In the instant action we are dealing with specific chattels sold under a duly recorded conditional sales agreement. The cause of action here is in regard to the specific items of personal property, the validity of the conditional sales agreement, and whether or not such agreement was breached as to entitle respondent to possession of such articles of personal property. In the mortgage foreclosure action the cause of action was based on the note, and the real and chattel mortgages given to secure that note. If it was to be contended in the mortgage foreclosure action that the specific articles of personal property covered by the conditional sales contract were subject to the lien of either the real estate or chattel mortgages there involved, it was incumbent upon the plaintiff in that action to make such allegation in specific terms and fully advise respondent herein. The law is generally well settled that where the removal of a fixture will not materially injure the premises, a seller retaining title to such property may assert his right against any prior mortgagee or

vendor of the realty. And this is true regardless of notice to the prior mortgagee or vendor. Holt v. Henly, 232 U.S. 687, 34 S.Ct. 459, 58 L.Ed. 767; Blanchard v. Eureka Planing Mill Co., 58 Or. 37, 113 P. 55, 37 L.R.A., N.S., 133; 36A C.J.S. Fixtures § 19, 651, 22 Am.Jur. Fixtures § 23; 13 A.L.R. 448; 73 A.L.R. 478; 88 A.L.R. 1318; 111 A.L.R. 362; 141 A.L.R. 1283.

In conformity with this rule, this court in Anderson v. Creamery Package Manufacturing Co., 8 Idaho 200, 67 P. 493, 56 L.R.A. 554, held that where machinery was purchased for use in a permanent building under a contract that the machinery should remain the property of the seller, or where, after such machinery was placed in such building a chattel mortgage was given by the purchaser to the seller upon such machinery, a real estate mortgage of prior date to the purchaser of such machinery is not a lien upon such machinery.

█ In the mortgage foreclosure action the plaintiff therein could obtain a judgment no broader in scope than prayed for in his complaint. I.R.C.P. 54(c). In a default action a plaintiff is limited to allegations of his complaint although it contains prayer for general relief. Angel v. Mellen, 48 Idaho 750, 285 P. 461; Cobb v. Cobb, 71 Idaho 388, 233 P.2d 423. In the mortgage foreclosure action it was not claimed that the lien of the real estate

mortgage attached to the personal property covered by the conditional sales contract, nor does it appear that the issue of whether the personal property became so attached to the real property that their removal would materially damage the premises was ever presented for resolution by the court. "Identity of issue is one of the essentials of res judicata, and it must appear that the precise question was raised and determined in the former suit. (citing cases)" Rogers v. Rogers, 42 Idaho 158, 243 P. 655, Marshall v. Underwood, supra.

In the instant action the uncontroverted testimony of respondent's witnesses discloses that all the property covered by the contract could be removed from the premises without any material injury to the real property. It is our view that the lien of the prior real estate mortgage involved in the Lloyd foreclosure action did not attach to the personal property described in the conditional sales contract and further that no issue was ever presented for resolution by the trial court in the Lloyd action. The lien of the chattel mortgage involved in the Lloyd foreclosure action was only on the personal property as listed at the time of its execution in 1948 and did not extend beyond that property. The trial court should have permitted the filing of appellant's supplemental answer, thereby to interpose the plea in bar of res judicata, and in conformity therewith, have admitted into evidence the files and records in the case of Lloyd v. Barton, et al., No. 5531. However, the record discloses that this plea in bar was fully considered by the trial court. As hereinbefore pointed out, the judgment in the mortgage foreclosure action was no bar to the action here under consideration, and no prejudicial error appears.

Nor was there prejudicial error in refusing to admit into evidence the record in Kitts v. Waller, No. 5564. That action involved balances due on promissory notes and certain accounts assigned to the plaintiff Kitts therein. Respondent here was not named as a party to that action and the action of the court therein could not be considered as res judicata to respondent's present claim.

At trial of this action, Mr. Heuman, the president of respondent company, testified as to and identified the conditional sales contract involved here. It was offered into evidence, which offer was objected to by appellant on the ground that it had been assigned by respondent to Continental State Bank, such assignment appearing on the exhibit. Appellant's objection was overruled and the exhibit admitted, which ruling is assigned as error by appellant.

Mr. Heuman testified:

"Q. Mr. Heuman, referring to what has been marked Plaintiff's Ex-

hibit 1 for identification that was assigned to the Continental State Bank?

"A. Yes.

"Q. Was it necessary for any reason for you to redeem this contract for the Continental State Bank?

"A. Yes.

"Q. What was that reason?

"A. For default of payment by John A. Waller, Jr."

On the contract itself there appears:

"July 10, 1959

"Pay to the order of Intermountain Food Equipment Co., Inc., without recourse.

"Bank of Idaho,

by R. J. Murdock, Assistant Cashier"

Mr. Heuman also testified that appellant was the owner and holder of the instrument, and had been since July 10, 1959. Appellant claims the record shows a break in the chain of title to this instrument, as no connection appears between the original assignee and the subsequent assignor. However, appellant by its brief conceded that it was common knowledge that the name of the Continental State Bank has been changed to the Bank of Idaho. Moreover respondent's president testified that upon the default by the purchaser, the contract had been repurchased by respondent, that the contract was in the possession of respondent, and the statement was further made that respondent was the owner and holder of the contract since the date of the reassignment by the Bank of Idaho. Under these facts the contract was properly admitted into evidence. Brown v. Deck, 65 Idaho 710, 152 P.2d 587.

The judgment of the trial court is affirmed.

Costs to respondent.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.