In the Matter of RUSSELL R. SINACORI et al., Appellants. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal by the claimants from a decision of the Unemployment Insurance Appeal Board, filed May 30, 1974, which granted a reopening of proceedings in the claims and rescinded a prior referee's decision in favor of the claimants and sustained the respondent's initial determinations ruling claimants ineligible for benefits, charging them with recoverable overpayments and imposing a forfeiture of effective days based upon a willful misrepresentation to obtain benefits. The claimants filed original claims for benefits effective June 19, 1972. Thereafter, they engaged in self-employment for a period of time until on December 4, 1972 they filed additional claims for benefits. Throughout December, January, February and March they certified for and received benefit payments totaling $1,200 each. They specifically certified that they did no work in those weeks. The respondent's agents became aware that the claimants had in fact caused a corporation to be formed solely for their benefit and that the claimants had performed certain services to the corporation which would tend to be in furtherance of the corporation as a business entity. Thereupon, the respondent issued initial determinations disqualifying the claimants from benefits upon the ground that they were not totally unemployed during the period of December through March, and that the claimants had willfully misrepresented their employment status during the said period of time so as to collect benefits. The claimants requested a hearing and testimony was taken before a referee on October 31, 1973. On November 12, 1973 the referee rendered a decision which recites various activities engaged in by the claimants during the period in question in furtherance of the corporation's business, however, the referee found that, nevertheless, the claimants were totally unemployed and overruled the respondent's initial determinations. The respondent took no appeal from the referee's decision, but the record discloses that his agents were in fact continuing to investigate the actual business activities of the claimants during the period in question, and based upon such investigations which culminated in prima facie evidence that the claimants had not only promoted the corporation's business but had engaged in actual employment for remuneration, he submitted an application to the board for a reopening of the matter. The board issued a notice to the claimants and their attorney on April 24, 1974 that a hearing was to be held on a certain date for the purpose of receiving additional testimony and hearing any testimony in support of the application for a reopening. At the hearing before a commissioner of the board, the respondent introduced in evidence an affidavit of a person which stated that such person had in fact employed the claimants by and through their corporation during the period in issue, and also introduced in evidence certain checks referred to in the aforesaid affidavit for services rendered by the claimants' corporation during the period in issue. The claimants' attorney did not request an adjournment for the purpose of submitting additional testimony upon the merits of the issues in regard to whether or not the claimants were totally unemployed, and at the hearing took the position that prior to hearings upon the merits the board must first render a decision as to whether or not to reopen the claim, which decision would be separately appealable. In response to this contention on behalf of the claimants, the hearing commissioner advised the claimants' attorney that he was then and there reopening the case and that such was his decision. However, the claimants' attorney refused to either request an adjourn-

974

ment for testimony on behalf of the claimants or to submit any evidence at the then ongoing hearing. Thereupon, the hearing was closed and the board issued a determination based upon the credible evidence in the entire record that the claimants had in fact been employed by and through their corporation during the period in question. Upon this appeal, the claimants appear to contend that in the absence of an appeal the board could not reopen the proceedings and reverse the referee. However, subdivision 3 of section 620 of the Labor Law specifically empowers the board to exercise continuing jurisdiction over referees' decisions even if no· appeal was taken from such decision. Furthermore, it is well established that, pursuant to section 534 of the Labor Law, the board has the power to modify or rescind decisions upon its own motion. The question of whether or not it should reopen a decision is a matter addressed to the discretion of the board (*Matter of Dixon* [*Levine*], 41 A D 2d 868). Upon the present record there does not appear any basis for a conclusion that the board abused its discretion in reopening this claim. The record does not disclose that in any of the proceedings had in this claim the claimants were denied any element of a fair and impartial hearing, and a review of the record discloses an abundance of substantial evidence to support the findings that the claimants were not totally unemployed during the period in issue and had made willful misrepresentation of their employment status for the purpose of obtaining benefits. Decision affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Main, JJ., concur.