539 P.2d 280

**Leslie GREEN and Richard Scott, Personal Representative of the Estate of Wilfred Green, Plaintiffs-Appellants,**

**v.**

**John C. GOUGH and Barbara Gough, husband and wife, Defendants-Respondents.**

**No. 11725.**

Supreme Court of Idaho.

Aug. 7, 1975.

Lloyd J. Webb, Webb, Pike, Burton & Carlson, Twin Falls, for plaintiffs-appellants.

Jay D. Sudweeks, May, May, Sudweeks & Fuller, Twin Falls, for defendants-respondents.

McFADDEN, Justice.

This action was instituted by Richard Scott, personal representative of the Estate of Wilfred Green, and Leslie Green, (referred to herein as plaintiffs) against John C. Gough and Barbara Gough, husband and wife (referred to herein as defendants). By their action the plaintiffs seek recovery of $3,632.98, plus additional costs, interest and attorneys fees, for failure of the defendants to comply with the terms of a certain agreement of sale of real estate.

The defendants moved to dismiss the complaint on two grounds:

"1) That said complaint fails to state a cause of action against these defendants.

2) That there was another cause of action pending between the identical parties covering the claims set out in plaintiffs' complaint; that said cause of action against the defendants was dismissed with prejudice as appears by Exhibit 'A' attached hereto."

The District Court, Fifth Judicial District of the State of Idaho, County of Gooding, heard arguments on this motion and received briefs from both parties. In addition, the district court took judicial notice of the file and contents of Twin Falls County Civil Case No. 25714 (plaintiff's original complaint filed against these defendants). The court entered judgment dismissing plaintiffs' action and plaintiffs appeal from that judgment.

Inasmuch as matters outside the pleadings were considered by the trial court, we shall treat defendants' motion as one for summary judgment. I.R.C.P.

12(b)(7); I.R.C.P. 56(b); *Cook v. Soltman*, 96 Idaho 187, 525 P.2d 969 (1974). Since the motion is treated here as a motion for summary judgment, the joinder of the affirmative defense of res judicata with a 12(b)(6) motion to dismiss was not faulty. *Cook v. Soltman, supra.*

We assume, as plaintiffs do, that the trial court's decision was based upon the second ground of defendants' motion, the affirmative defense of res judicata. Plaintiffs contend that the cause of action presented in their original suit, filed as Twin Falls County Civil Case No. 25714, was different than the cause of action in the present case. Although the plaintiffs failed by their praecipe to have the contents of the Twin Falls County file incorporated in this appeal, they subsequently moved to augment the record by including the complaint in the Twin Falls County action, filed March 16, 1973, and the stipulation for dismissal, filed January 30, 1974 (already a part of the record), under Supreme Court Rule 37. Because defendants have subsequently withdrawn their objection to the augmentation of the record, plaintiffs' motion to augment is granted.

Both actions involved here, i. e., the first action, the Twin Falls County action against Gough and wife, and Bailey-Roberts, Inc., and the second action, the Gooding County action against only Gough and wife, arose out of a real estate transaction involving these parties.

Specifically, on June 8, 1971, Gough and wife contracted to purchase from one Harmon G. Munyon and wife certain real property, Section 35, Township 8 South Range 14 E.B.M. in Gooding County. This contract was in customary terms, and also provided that the buyers (the Goughs) would not sell or assign their equity without first obtaining the written permission of the sellers (the Munyons). In the Gough-Munyon agreement it was provided that the real estate was subject to a mortgage in favor of the Federal Land Bank Association of Spokane which the Goughs agreed to assume and pay.

On November 9, 1972, Leslie A. Green and Wilfred W. Green (who later died) entered into an earnest money agreement with the Goughs to purchase their equity in the real property involved in the Gough-Munyon contract. On November 22, 1972, the Goughs executed a written assignment of the Gough-Munyon contract, which the Greens accepted. The Goughs also executed and deposited a warranty deed to the property in escrow with the Gooding office of the Bank of Idaho. Under this transaction between the Greens and the Goughs, it was agreed that the Greens would assume and pay the Federal Land Bank mortgage, and that the interest, taxes, insurance and rents on the mortgage would be pro-rated between the parties as of November 15, 1972.

In their first complaint (the Twin Falls County action) the Greens named the Goughs and Bailey-Roberts, Inc., the real estate brokers, as defendants. Therein the plaintiffs sought to have the contract rescinded on the grounds that the defendants, Gough and Bailey-Roberts, Inc., despite numerous demands, had failed to obtain the consent to the assignment from the Munyons (the sellers in the Munyon-Gough agreement of sale). The plaintiffs in their action sought rescission of the agreement and restoration of all sums they had invested, including expenditures in improvements, and general and punitive damages. On January 30, 1974, this action was dismissed with prejudice as to John C. Gough and Barbara Gough. This dismissal was entered pursuant to a stipulation for dismissal signed by the attorneys for the Greens and the Goughs.

In the present complaint (the Gooding County action), filed December 18, 1973, the plaintiffs name only the Goughs as defendants. In this complaint the plaintiffs recognize the validity of their contract of purchase with the Goughs and allege the Goughs are indebted to them for $3,632.98 for interest the Goughs failed to pay on the Federal Land Bank mortgage. By this new complaint they seek to recover from

the Goughs the sum of $3,632.98 plus interest, late charges claimed by the mortgagee, and attorneys fees.

The stipulation and order dismissing plaintiffs' first cause of action with prejudice as to defendants Gough operates as a final adjudication of the merits adverse to the plaintiffs. Annot. 149 A.L.R. 553, 626 (1944); 46 Am.Jur.2d Judgments, § 482, p. 645 (1969). The judgment entered against the plaintiffs in this first cause of action was to the effect that there was no ground for rescission of the contract. Thus, following the judgment of dismissal in the first action, they were bound by their contract with the Goughs, the defendants in both actions.

However, this present action is not one putting in issue the validity of the contract between the Greens and the Goughs, but it is based on the recognized validity of the contract. It is founded on the issue that the Goughs have failed to pay certain sums the Greens allege they were obligated to pay under the terms of the agreement.

In *Gaige v. City of Boise*, 91 Idaho 481, 484, 425 P.2d 52, 55 (1967), this court stated principles applicable here:

"Res Judicata, literally 'the matter having been judged,' is a principle which bars relitigation of an issue which has been once properly decided. However, where the cause of action in the later case is different from that presented in an earlier suit, and the issue raised in the later action was not determined in the earlier, the judgment in the earlier suit will not bar the later cause of action. *Intermountain Food Equipment Co. v. Waller*, 86 Idaho 94, 383 P.2d 612 (1963)."

The issues presented in this instant action which are founded on the contract's validity were not involved in the prior action and the prior action cannot be held to be res judicata of this present action. The summary judgment is reversed and the cause remanded for further proceedings. No costs allowed.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.