541 P.2d 621

In the Interest of Candace Ann WELLARD et al.

Dianna Gleed PALMER, natural mother and guardian of Candace Ann Wellard, et al., Plaintiffs-Appellants,

v.

John Richard WELLARD, Defendant-Respondent.

No. 11868.

Supreme Court of Idaho.

Oct. 1, 1975.

R. M. Whittier, Pocatello, for plaintiffs-appellants.

G. Rich Andrus, Rigby, Thatcher & Andrus, Rexburg, for defendant-respondent.

PER CURIAM:

On February 6, 1974, Dianna Gleed Palmer, the natural mother of Candace Ann Wellard, Mark Trent Wellard and Niki

Lorraine Wellard, petitioned the magistrates division of the district court to terminate the parental rights of John Richard Wellard, the children's natural father. The magistrate conducted a hearing upon the petition and on March 15, 1974, issued his order terminating the parent-child relationship. On April 8, 1974, findings of fact and another order to that effect were entered.

The record discloses that on June 21, 1974, John Richard Wellard, the children's father, filed notice of appeal from the order of the magistrate with the clerk of the district court. Although notice of appeal was filed well beyond the 30 day limit for filing notices of appeal as provided by Rule 1 of the Civil Appellate Rules [1] governing appeals from the magistrates division of the district court to the district court, failure to file timely notice of appeal was not raised before the district court and the district court considered the merits of the father's appeal.

The district court reversed the decision of the magistrate and dismissed the petition. From the district court order, the petitioner Dianna Gleed Palmer has appealed to this Court, raising several substantive issues concerning the district court's ruling and also arguing that the district court should not have considered the appeal from the magistrates division of the district court because that appeal had not been timely made. We need not consider the substantive questions the petitioner has raised because the failure to file a timely notice of appeal to the district court is dispositive of this matter.

 In appeals from the district court to this Court we have followed the rule that this Court has no jurisdiction to consider the appeal when the appellant has not filed a timely notice of appeal. *Martin v. Soden,* 80 Idaho 416, 332 P.2d 482 (1958); *In re Dunn,* 45 Idaho 23, 260 P. 432 (1927). Thus, it has been the practice of this Court to dismiss an appeal when notice of appeal was not timely filed. See, *e. g., Williamsen Idaho Equipment v. Western Casualty & Surety Co.,* 95 Idaho 652, 516 P.2d 1166 (1973); *Van Houten v. Burt,* 95 Idaho 185, 505 P.2d 333 (1972). "[The question of jurisdiction of the district courts] may be properly raised at any time during the progress of the cause, even in this court." *Twin Falls Realty Co. v. Brune,* 45 Idaho 579, at 581, 264 P. 382, at 383 (1928); *Hancock v. Elkington,* 67 Idaho 542, 186 P.2d 494 (1947); *Aram v. Edwards,* 9 Idaho 333, 74 P. 961 (1903). We believe the district court's authority to consider appeals from the magistrates division of the district court is similarly limited with respect to filing timely notice of appeal and hold that the district court has no jurisdiction to consider appeals from the magistrates division of the district court when notice of appeal has not been timely filed. Thus, under the appellate rules then in effect,[2] the appeal from the magistrates court to the district court

---

1. All of the proceedings before the magistrate and the district court took place in 1974. The Civil Appellate Rule then in effect provided in part:

"RULE 1. JUDGMENTS AND ORDERS APPEALABLE—TIME FOR TAKING APPEALS.—An appeal may be taken to the district court from the magistrates division of the district court:

"1. From a final judgment in an action or special proceeding commenced in the magistrates division of the district court; within thirty (30) days after the entry of such judgment . . . ."

This rule was rescinded effective January 1, 1975. The time for taking an appeal to the district court from the magistrates division of the district court is now contained in I.R.C.P. 83(e), which retains the thirty day period.

2. The Civil Appellate Rule then in effect provided in part:

"RULE 22. OBJECTIONS TO THE RECORD—WHEN TAKEN.—Objections to the transcript, statement, the notice of appeal or to its service or any objection to the record . . . must be taken within twenty (20) days after the transcript is filed and must be noted in writing and filed at least one (1) day before the argument, or they will not be regarded. . . .

should have been dismissed. Accordingly, we vacate the judgment of the district court and reinstate the judgment of the magistrate.

Costs to appellants.

[P]rovided, that *this rule shall not apply to . . . matters that go to the jurisdiction of the court to hear the appeal.*" (Emphasis added).

This rule was rescinded effective January 1, 1975. The analogous rule is now I.R.C.P. 83 (s).