574 P.2d 910

**Sandra B. COLVARD,**
**Claimant-Appellant,**

v.

**DEPARTMENT OF EMPLOYMENT,**
**Defendant-Respondent.**

**No. 12490.**

Supreme Court of Idaho.

Jan. 27, 1978.

James H. Paulsen, Sandpoint, for claimant-appellant.

Wayne L. Kidwell, Atty. Gen., R. LaVar Marsh, Deputy Atty. Gen., Boise, for defendant-respondent.

SHEPARD, Chief Justice.

This is an appeal from an order of the Industrial Commission in an unemployment compensation case. The Department of Employment denied appellant Colvard's application for unemployment compensation benefits on the basis that she was self-employed and hence, ineligible for benefits. Upon appeal of that determination to the Industrial Commission, it found that she was not self-employed but remanded the matter to the Department of Employment for a determination of whether claimant had registered for work and whether she was available for and seeking work during the period of her claim. Claimant-appellant Colvard appealed that order of the Industrial Commission. We affirm the order of the Industrial Commission insofar as it found claimant was not self-employed, however, we reverse that part of the Commission's order remanding the matter for further findings.

Colvard was a ski instructor during the winter months and during the summer months assisted her husband with the operation of a marina. Her ski instruction work ended on April 11, and on April 16, 1976, she filed for unemployment compensation benefits and registered for work. Her claim was denied on the basis that she was self-employed. See I.C. § 72–1366(k), which states, "A benefit claimant shall not be entitled to benefits if his principal occupation is self-employment." Colvard thereafter followed all of the Idaho Department of Employment appellate procedures, but was continually held to be self-employed. On

November 17, 1976, she appealed to the Industrial Commission. The Commission concluded:

"In view of the fact that claimant spent an equal amount of time as an employee of the ski resort and as a self-employed proprietor of the marina, and that her earnings as an employee exceed her share of the gross income from the marina, the Commission concludes that the claimant's principal occupation is not self-employment."

That ruling of the Commission is sustained by the evidence and further no appeal has been perfected from that by the Department of Employment. The Commission, however, concluded that the record reflected considerable doubt that the claimant was available for work and seeking work during her periods of unemployment and that she may not have registered for work with the Department of Employment. The Commission stated that since the Department of Employment had not on the record determined those issues, the matter should be remanded to the Department of Employment for a finding on those issues. Colvard filed a motion to amend that portion of the remand order, which motion was denied. This appeal resulted.

As claimant-appellant correctly points out, the record is clear that at no time during the appellate procedures within the Department of Employment nor in those proceedings before the Industrial Commission was any issue raised by the Department concerning any eligibility requirement for unemployment benefits other than and except for the issue of self-employment. Claimant-appellant Colvard was never notified at any stage in the proceedings below that any other issue existed and in fact the notices furnished to her are clear that the only issue to be determined was that of self-employment. In that respect the case at bar is distinguishable from *Conley v. Director of Div. of Emp. Security,* 340 Mass. 315, 164 N.E.2d 330 (1959), and *Sinacori v. Levine,* 46 A.D.2d 973, 362 N.Y.S.2d 49 (1974), *aff'd,* 50 A.D.2d 657, 375 N.Y.S.2d 63 (1975). Similarly, we deem the notice of issue here to make inapplicable the provisions of I.C. § 72–1368(g). We hold, therefore, that the attempted remand by the Commission for the determination of extraneous issues was inappropriate and error.

In the absence of specific language we presume that the Department of Employment ascertained that claimant-appellant Colvard met all other eligibility requirements under I.C. § 72–1366 in its administrative and appellate proceedings prior to the appeal of this matter to the Industrial Commission. Permitting the Department of Employment to specify only one ground for benefits refusal in its initial determination would serve neither the general purpose of the Employment Security Law or the specific purpose of the unemployment compensation appellate process. As stated in *Johns v. S. H. Kress & Co.,* 78 Idaho 544, 547, 307 P.2d 217, 219 (1957), "The Act is social legislation, designed to alleviate economic insecurity and to relieve hardships resulting from involuntary unemployment * * *." *See also Striebeck v. Employment Security Agency,* 83 Idaho 531, 536, 366 P.2d 589, 591 (1961). Inherent in relief of economic security is the expeditious handling of a claim for benefits and payment of benefits during the period of economic distress. If the Department of Employment could initially refuse benefits on one basis, thus presenting only one issue for appeal at the different appellate strata, and upon remand use another basis for refusal, a claimant could be caught indefinitely in a circular appellate process without any economic relief.

The present case is an apt illustration. Here, claimant was out of work for approximately 60 days. Presumably her need for money was during that 60 days. The administrative appellate procedures alone consumed eight months prior to the time of consideration of the matter by the Industrial Commission. The matter was not determined by the Industrial Commission until December 14, 1976.

Reversed and remanded for disposition consistent with this opinion.

McFADDEN, DONALDSON, BAKES and BISTLINE, JJ., concur.