602 P.2d 947

Greg LUSKIN, Claimant-Appellant,

v.

**DEPARTMENT OF EMPLOYMENT,**
Defendant-Respondent.

No. 12830.

Supreme Court of Idaho.

Nov. 13, 1979.

Kim J. Grosch, of Idaho Legal Aid Services, Raymond C. Givens, Coeur d'Alene, for claimant-appellant.

R. LaVar Marsh, Roger B. Madsen, Deputy Attys. Gen., Boise, for defendant-respondent.

SHEPARD, Chief Justice.

This is an appeal from an order of the Industrial Commission holding a claimant ineligible for unemployment benefits because he wilfully made false statements. We reverse.

Claimant-appellant Luskin filed a claim for unemployment benefits on November 22, 1976, and upon the filing of a weekly claim form continued to receive benefits through the latter part of February, 1977. Claimant neglected to make his weekly report for the week ending February 26, 1977, and his explanation was that he had simply forgotten to do so.

In an interview with a claims taker, however, following which a written statement was prepared for claimant's signature, claimant indicated that he had been busy on the day in question working to pay off a

debt. The statement further indicated that he had been working twice a week for some period of time to pay off that debt.

Claimant was thereafter notified that his claim for the week of February 26 would be allowed, but he was also issued a determination of an overpayment because of his failure to report part-time employment. Claimant requested a redetermination and asserted that his explanation for reporting late was misunderstood and that he in actuality had not worked at all during the time of receipt of unemployment benefits. Claimant requested an additional hearing and one was held, at which the issue to be decided was whether Luskin had been overpaid because of his failure to report part-time employment. At the conclusion of the hearing, the examiner found that claimant had not in fact worked at all while drawing benefits, but that he had fabricated such story to justify his failure to report on time for the week of February 26. The examiner concluded thus that Luskin had not been overpaid, but he should be denied benefits for the week of February 26 for failing to report on time. Neither party appealed nor in any way contested this decision.

Subsequent to that decision of the appeals examiner, a new determination was issued by the department denying Luskin future benefits on the basis that he had withheld material facts and made false statements in an effort to obtain unemployment benefits. A new appeals examiner conducted a hearing thereon and that determination denying future benefits was affirmed. The Industrial Commission itself then considered the appeal, found claimant had invented the story relating to part-time employment and accordingly ordered that Luskin be denied unemployment benefits for a period of 52 weeks, as required by I.C. § 72–1366(j).[1]

Claimant argues two principal issues on appeal: first, that the second hearings examiner and the Industrial Commission

lacked jurisdiction to adjudicate the issue of his alleged fabrication, and second, that the conclusions of the second hearings examiner and Industrial Commission are not supported by the evidence. Our disposition of the jurisdictional question renders consideration of the second issue unnecessary.

It is not disputed but that when the first hearing process was initiated, the only issue to be resolved was whether Luskin had been overpaid because of his failure to report part-time employment. The issue as to claimant making wilful false statements in order to obtain benefits did not arise until the time of the hearing when Luskin presented testimony into evidence that was contrary to the written statement given to the claims taker. It is clear that the Department of Employment must have some recourse to adjudicatory procedure in order to deal with such circumstances. Unscrupulous claimants must not be able to gain benefits by fabricating facts or making contradictory statements with impunity. The only question here necessary of resolution is the proper procedure to use in such instances.

Following the initial hearing, the examiner determined that claimant had not been overpaid, but should be denied benefits for the week of February 26. Neither side appealed or in any other manner contested this decision. Claimant argues thereafter that the appropriate procedure is set forth by statute and that the director of the department should have issued a special redetermination or the department should have sought relief from the appeals examiner. We agree.

▪ In such circumstances where the claimant himself produces evidence that might form an additional basis for the denial of the benefits, the procedure outlined in I.C. § 72–1368(f) is applicable. The additional issue should be called to the attention of the hearings examiner and thus permit

1. I.C. § 72–1366(j). A benefit claimant shall not be entitled to benefits if it is determined that he has wilfully made a false statement or representation or wilfully failed to report a material fact in order to obtain said benefits for a period of fifty-two (52) weeks from the date of said determination and said claimant shall be liable to repay to the fund any sums received as a result of said false statement, misrepresentation or failure to report a material fact.

him an opportunity to "rehear, affirm, modify, set aside or reverse any prior decision on the basis of the evidence previously submitted in such case or on the basis of additional evidence . . . ." *Id.* The claimant, of course, must also be given notice and a fair opportunity to meet the issue. *White v. Idaho Forest Indus.,* 98 Idaho 784, 572 P.2d 887 (1977). Here, the claimant himself has created the new issue by changing his testimony and story, and thus the department cannot be charged with subjecting him to an unduly protracted appellate process. This case is, therefore, distinguishable from the circumstances condemned in *Colvard v. Department of Employment,* 98 Idaho 868, 574 P.2d 910 (1978).

▮ The Department of Employment asserts that the decision of the Industrial Commission should be affirmed because claimant did not raise the issue of statutory compliance below, and, in any event, claimant was not prejudiced by the procedure used. In the ordinary case, we would agree with the Department of Employment that this Court should not consider on appeal an issue not raised below. However, an exception exists where the jurisdiction of the tribunal to hear the cause is raised. *See In re Wellard,* 97 Idaho 197, 541 P.2d 621 (1975); *Webster v. Potlatch Forests, Inc.,* 68 Idaho 1, 187 P.2d 527 (1947). The statutory requirements governing appeals under the Employment Security Act are mandatory and jurisdictional. *Fouste v. Department of Employment,* 97 Idaho 162, 540 P.2d 1341 (1975); *Striebeck v. Employment Security Agency,* 83 Idaho 531, 366 P.2d 589 (1961). Therefore, since the second hearings examiner and the Industrial Commission lacked the power to adjudicate the issue of Luskin's alleged fabrication, the orders of the Industrial Commission are reversed and remanded for further proceedings consistent herewith. *See State v. Mowrey,* 91 Idaho 693, 429 P.2d 425 (1967). No costs allowed.

McFADDEN, J., and SCOGGIN, J. pro tem., concur.

---

1. The department must, however, ascertain whether a claimant satisfies all initial eligibility requirements in its initial determination. *Colvard v. Department of Employment,* 98 Idaho

BAKES, Justice, dissenting:

I disagree with the majority's conclusion that the second appeals examiner and the Industrial Commission lacked jurisdiction to adjudicate the issue of appellant's alleged willful misrepresentation. The majority's reasoning in my opinion finds no support in the Employment Security Act. It will also have a detrimental effect on the department's ability to deal with claimants who willfully misrepresent facts in order to obtain unemployment benefits.

## I

The determination of a claimant's eligibility for unemployment compensation is not necessarily a one time affair. A claimant must establish eligibility for each week that benefits are claimed. *See Talley v. Unemployment Compensation Division,* 63 Idaho 644, 124 P.2d 784 (1942). The department is not required to conclusively determine a claimant's future eligibility solely on the basis of past events.[1] A claimant's status may change. As we said in *Talley:*

"The Unemployment Compensation Law requires the eligibility of an applicant for unemployment compensation to be determined weekly before such applicant is entitled to receive benefits, for the reason that compensable weeks in a benefit year are not necessarily continuous and there may be several intervening periods of employment or other intervening cause arise between different compensable weeks in a benefit year, which may create an ineligibility. A compensable week can never be determined at the time the first claim for compensation benefits is filed and the Initial Determination made." *Talley v. Unemployment Compensation Division, supra* at 650, 124 P.2d at 786.

In Mr. Luskin's case, the purpose of the first series of determinations and appeals

868, 574 P.2d 910 (1978). Separate grounds for denial of eligibility for the same benefit period may not be raised *seriatim* by the department by separate hearings.

was to examine his eligibility for the week ending February 26, 1977, and to determine whether he had been overpaid during prior benefit weeks due to previously undisclosed work. In this first series of proceedings, the determination was made on March 3, 1977; the redetermination was issued on March 11, 1977; and the hearing before the first appeals examiner took place on March 29, 1977. While these proceedings were pending, Mr. Luskin continued to make claims for benefits and the department continued to pay them. The record shows that Mr. Luskin was paid benefits until at least the end of March and that he continued to apply for benefits into April. By continuing to submit claims, he continued to submit himself to the ongoing evaluation procedures of the Department of Employment. Then, on April 8, 1977, the first appeals examiner held that Luskin was not working during the weeks prior to February 26, and that therefore no overpayment existed. He also held that Luskin did not timely file his report as required for the week of February 26 and therefore was ineligible for that week. This decision affected only Luskin's past eligibility, *i. e.,* for the weeks of February 26, and before.

Neither party contested the decision, which then became final, but only with respect to the benefit weeks prior to and including the week ending February 26. It did not purport, nor could it purport, to settle the question of future entitlement, an issue which was not before the first appeals examiner. "[A]n administrative tribunal may not raise issues without first serving the affected party with fair notice and providing him with a full opportunity to meet the issue." *White v. Idaho Forest Industries,* 98 Idaho 784, 786, 572 P.2d 887, 889 (1977). Luskin was not notified prior to the March 29 hearing that he would be called upon to defend an allegation of willful misrepresentation. If the first appeals examiner had concluded on the record before him that appellant was ineligible for fifty-two

weeks because he had made willful misrepresentations in order to obtain benefits, that determination would have been invalid.

When the April 9 decision of the appeals examiner became final, it did not conclusively settle Luskin's eligibility for benefits after February 26. During March and April, while the administrative hearings were in progress, Luskin continued to file for weekly benefits. He thereby continued to submit the issue of his eligibility to the department for continuing evaluation. In response to Luskin's post-February 26 claims, the department issued a new determination imposing the fifty-two week disqualification sanction of I.C. § 72–1366(j).

## II

The majority states that "the director of the department should have issued a special redetermination" pursuant to I.C. § 72–1368(d) "or the department should have sought relief from the appeals examiner" pursuant to I.C. § 72–1368(f). *Ante* at 948. Neither of these procedural avenues are mandated by any section of the Employment Security Law.

Both of the procedures recommended by the majority allow the department or an interested party to modify a *previous* decision. They are not available when the department seeks a new decision affecting the future eligibility of a claimant. I.C. § 72–1368(f) gives an appeals examiner the opportunity to modify "any prior decision." Similarly, I.C. § 72–1368(d) permits the director of the Department of Employment to issue a special redetermination when "he finds . . . that benefits *have been allowed or denied* or the amount of benefits *fixed* on the basis of nondisclosure or misrepresentation of fact." (Emphasis added.) The purpose of both these procedures is to permit the appeals examiner or the department to rectify prior decisions erroneously affecting a claimant's eligibility.[2] In this

---

2. It should also be noted that I.C. § 72–1366(j) provides two types of sanctions for willful misrepresentations. The first is the fifty-two week disqualification at issue here. Imposition of the second sanction requires that the claimant

repay the benefits which he wrongfully received as a result of his misrepresentation. Since Luskin's alleged misstatements did not affect any benefits previously received, this second sanction is not at issue here.

case, the department, as well as Mr. Luskin, had no quarrel whatsoever with either the April 9 decision of the first appeals examiner or the provision of benefits to Mr. Luskin prior to February 26. The majority does not explain why the department should be compelled to either issue a special redetermination or request a modification of a decision with which it is in complete agreement.

Having been confronted with a new issue involving Luskin's future eligibility, the department properly issued the new determination which began the second set of administrative proceedings as part of the ongoing process of claims evaluation. In this second series of proceedings, the sole issue was the personal eligibility of the claimant for the subsequent fifty-two week period as a result of the false statements which he had made in the prior hearing. That procedure was proper, and the evidence sustains the findings of both the appeals examiner and the Industrial Commission on that issue.

### III

The majority concludes that the department failed to follow statutory procedure and that such failure constituted a jurisdictional defect rendering the subsequent decisions of the second appeals examiner and the Industrial Commission without force and void. This conclusion was reached without articulating the nature of the defect in jurisdiction.

Certainly there was jurisdiction of the subject matter. *See Boughton v. Price*, 70 Idaho 243, 215 P.2d 286 (1950). Both the Department of Employment and the Industrial Commission have specific statutory authority to review decisions of the department. I.C. § 72–1368(f) and –(g). Therefore it would be incorrect to state that there was no jurisdiction of the subject matter by the hearing officer and the Industrial Commission.

It would also appear that these administrative tribunals had jurisdiction over the person of the claimant. Luskin had filed additional claims which were still pending before the Department of Employment. He had submitted himself to the continuing jurisdiction of the department. He had properly been served with notice of the second hearing concerning the question of his future ineligibility as a result of making false statements.

It is therefore difficult to understand how the majority concludes that the second appeals examiner and the Industrial Commission were without jurisdiction. Careful analysis demonstrates that the defense which the majority has adopted for the appellant has nothing to do with jurisdiction. The majority correctly states that statutory requirements governing the time for filing appeals under the Employment Security Law are mandatory and jurisdictional, citing *Fouste v. Department of Employment*, 97 Idaho 162, 540 P.2d 1341 (1975), and *Striebeck v. Employment Security Agency*, 83 Idaho 531, 366 P.2d 589 (1961). Both of those cases held that failure to file a timely appeal from an unfavorable decision in the administrative process deprives the appellate tribunal of jurisdiction. The rule is the same in appeals to this Court. *Oliverson v. Anderson*, 85 Idaho 412, 380 P.2d 214 (1963); *see Briggs v. Golden Valley Land & Cattle Co.*, 97 Idaho 427, 546 P.2d 382 (1976). However, in both *Fouste* and *Striebeck* it was the appellate tribunal, and not the lower administrative tribunal, which was powerless to entertain the case, and then only because of the failure to timely file a notice of appeal. Those cases hardly support the majority's position that the administrative tribunal in this case was without jurisdiction.

A hypothetical will illustrate the error of the majority's position. Suppose a personal injury plaintiff files an untimely appeal to this Court from an adverse decision of a district court. We cannot hear it for lack of jurisdiction. Suppose, however, that thereafter the frustrated plaintiff files a new action based on the same set of facts in the same district court or in another district

court of proper venue. It cannot be said that the second district court is without jurisdiction. It certainly has jurisdiction of the subject matter and, assuming proper service of process, it has jurisdiction over the person of the defendant. However, the defendant does have a defense to the second and redundant action brought by the plaintiff. He merely pleads the first judgment as a bar to the second action, maintaining that the policy favoring the finality of judgments requires that the plaintiff be precluded from relitigating an issue which has once been properly decided. This is the defense of *res judicata. Green v. Gough*, 96 Idaho 927, 539 P.2d 280 (1975); *Gaige v. City of Boise*, 91 Idaho 481, 425 P.2d 52 (1967).

The above hypothetical is analogous to the instant case. What it appears that the majority is really saying is that the proceedings in the first hearing were *res judicata* on all issues raised or which could have been raised by the department, in particular, all issues concerning Luskin's alleged false statements. This is not a jurisdictional question at all, but rather a *res judicata* problem.[3] Seen in this light, the defense of *res judicata* is inapplicable for two reasons.

First, application of the doctrine of *res judicata* requires that the identical issue be raised and resolved in the prior suit; the issue must also be essential to the resolution of the suit. *Green v. Gough, supra; Gaige v. City of Boise, supra; Intermountain Food Equipment Co. v. Waller*, 86 Idaho 94, 383 P.2d 612 (1963); *see* 1B Moore's Federal Practice, § 0.443[5] (1965). However, as the majority opinion has noted, "the issue to be decided [in the first hearing] was whether Luskin had been overpaid because of his failure to report part-time employment. At the conclusion of the hearing, the examiner

found that the claimant had not in fact worked at all while drawing benefits but that he had fabricated such story to justify his failure to report on time for the week of February 26." *Ante* at 948. And as the majority further noted in its opinion, "[T]he claimant himself has created the new issue by changing his testimony and story and thus the department cannot be charged with subjecting him to an unduly protracted appellate process." *Ante* at 949. Thus, it is apparent that the question of Luskin's allegedly willful false statement was not an issue before the first hearing examiner.[4]

Secondly, even if the doctrine of *res judicata* was applicable as the result of the first hearing, that is a matter of affirmative defense which should have been raised either before the second appeals examiner or before the Industrial Commission. *Cf.* I.R. C.P. 8(c) (*res judicata* an affirmative defense); *Paloukos v. Intermountain Chevrolet Co.*, 99 Idaho 740, 588 P.2d 939 (1978) (affirmative defense of statute of frauds cannot be raised for first time on appeal). Since it was not raised in the proceedings before the appeals examiner or the Industrial Commission, but was raised for the first time on appeal, we should not consider it. *Unigard Insurance Group v. Royal Globe Insurance Co.*, 100 Idaho 123, 594 P.2d 633 (1979); *Local 1494, Int'l Ass'n of Firefighters v. City of Coeur d'Alene*, 99 Idaho 630, 586 P.2d 1346 (1978); *Clark v. Int'l Harvester Co.*, 99 Idaho 326, 581 P.2d 784 (1978); *Dunn v. Baugh*, 95 Idaho 236, 506 P.2d 463 (1973). This no doubt explains why the appellant has disguised his *res judicata* claim in jurisdictional language.

The decision of the Industrial Commission should be affirmed.

DONALDSON, C. J., concurs.

---

3. Generally, the doctrine of *res judicata* is applicable to administrative proceedings. K. Davis, Administrative Law of the Seventies, § 18.02 (1976) (supplementing Administrative Law Treatise).

4. Although the relative truthfulness of Mr. Luskin's prior statements was arguably of collateral importance in the first series of administrative proceedings, the question of Mr. Luskin's

intent was not. Willfulness is a key issue in a proceeding to impose the 52-week sanction of I.C. § 1366(j). *Meyer v. Skyline Mobile Homes*, 99 Idaho 754, 589 P.2d 89 (1979). Where the issue of intent is a new issue in a second proceeding based on facts similar to a prior proceeding, *res judicata* has been held not to apply. *Haize v. Hanover Ins. Co.*, 536 F.2d 576 (3d Cir. 1976).