Chief Justice EISMANN,
concurring in the result.
I concur in the result. When a worker applies for unemployment benefits, the Department makes an initial determination as *636 to the worker’s eligibility. As provided in Idaho Code § 72-1368(3) (emphasis added):
A representative of the department hereinafter referred to as a claims examiner shall examine a claim filed pursuant to subsection (1) of this section and, on the basis of the facts found by him, shall determine whether the claimant is eligible for benefits and, if eligible, the date his benefit year begins, the weekly benefit amount, the total benefit amount, the base period wages, and the base period covered employers. In the event of a denial of benefits, the determination shall include the reasons for the ineligibility.
That initial determination becomes final in fourteen days, unless within that fourteen-day period an appeal is filed. Id.
That initial determination is not a determination of the right to continue to receive weekly unemployment benefits. “During the benefit year, employees may be eligible one week and ineligible the following week.” Talley v. Unemployment Comp. Div. of the Indus. Accident Bd., 63 Idaho 644, 649, 124 P.2d 784, 785 (1942) After the initial determination is made, the employee must send in weekly reports showing that he or she is still eligible to receive benefits. Therefore, “[t]he Unemployment Compensation Law requires the eligibility of an applicant for unemployment compensation to be determined weekly before such applicant is entitled to receive benefits.... A compensable week can never be determined at the time the first claim for compensation benefits is filed and the Initial Determination made.” Id. at 650, 124 P.2d at 786.
Idaho Code § 72-1368(4) permits the director of the Department to make a redetermination of a prior determination, whether it was the initial determination or a subsequent weekly determination. The time period within which that redetermination must occur is not affected by whether or not the prior determination was made after a contested hearing. There is nothing in the statute indicating that it only limits the time period for redetermining a prior determination that occurred as a result of an adversarial proceeding. The statutory time limits apply to all prior determinations regarding eligibility for benefits or the amount of benefits, whether the initial determination or subsequent weekly determinations. The statute provides insofar as is relevant:
The director may make a special re-determination whenever he finds that a departmental error has occurred in connection with a determination, or that additional wages of the claimant or other facts pertinent to such determination have become available or have been newly discovered, or that benefits have been allowed or denied or the amount of benefits fixed on the basis of nondisclosure or misrepresentation of fact. The special redetermination must be made within one (1) year from the date of the original determination, except that a special redetermination involving a finding that benefits have been allowed or denied or the amount of benefits fixed on the basis of nondisclosures or misrepresentations of fact may be made within two (2) years from the date of the original determination.
The redetermination must be made within one year of the date of the prior determination, or within two years if benefits were allowed or denied, or their amount was fixed, on the basis of nondisclosures or misrepresentations of fact. In this case, there were no nondisclosures or misrepresentations of fact, so the one-year period applied. Because the Department’s redeterminations of the prior weekly determinations were not made within the applicable one-year periods, it had no power to make them.
Idaho Code § 72-1369[5] does not provide the Department with statutory authority to *637 make the redeterminations in this case. The overpayment of benefits can only occur if, as a result of a redetermination, the Department has concluded that an employee received more in benefits than he or she was entitled to receive. Idaho Code § 72-1368 sets forth the time limits within which that redetermination must occur. Once the redetermination has been made, Idaho Code § 72-1369 sets forth the manner of collecting the overpayment and the time limits within which the collection proceedings must occur. The collection of an overpayment as provided in Section 72-1369 can only occur if there has been a prior redetermination of the overpayment as provided in Section 72-1368. Because there had been no timely redetermination in this ease, there was no overpayment to collect under the procedures set forth in Section 72-1369.

. The statute provides as follows:
72-1369. Overpayments, civil penalties and interest — Collection and waiver.
(1) Any person who received benefits to which he was not entitled under the provisions of this chapter or under an unemployment insurance law of any state or of the federal government shall be liable to repay the benefits and the benefits shall, for the purpose of this chapter, be considered to be overpayments.
(2) Civil penalties. The director shall assess the following monetary penalties for each determination in which the claimant is found to have made a false statement, misrepresenta *637 tion, or failed to report a material fact to the department:
(a) Twenty-five percent (25%) of any resulting overpayment for the first determination;
(b) Fifty percent (50%) of any resulting overpayment for the second determination; and
(c) One hundred percent (100%) of any resulting overpayment for the third and any subsequent determination.
(3) Any overpayment, civil penalty and/or interest which has not been repaid may, in addition to or alternatively to any other method of collection prescribed in this chapter, including the creation of a lien as provided by section 72-1360, Idaho Code, be collected with interest thereon at the rate prescribed in section 72-1360(2), Idaho Code. The director may also file a civil action in the name of the state of Idaho. In bringing such civil actions for the collection of overpayments, penalties and interest, the director shall have all the rights and remedies provided by the laws of this state, and any person adjudged liable in such civil action for any overpayments shall pay the costs of such action. A civil action filed pursuant to this subsection (3) shall be commenced within five (5) years from the date of the final determination establishing liability to repay. Any judgment obtained pursuant to this section shall, upon compliance with the requirements of chapter 19, title 45, Idaho Code, become a lien of the same type, duration and priority as if it were created pursuant to section 72-1360, Idaho Code.
(4) Collection of overpayments.
(a) Overpayments, other than those resulting from a false statement, misrepresentation, or failure to report a material fact by the claimant, which have not been repaid or collected, may, at the discretion of the director, be deducted from any future benefits payable to the claimant under the provisions of this chapter. Such overpayments not recovered within five (5) years from the date of the final determination establishing liability to repay may be deemed uncollectible.
(b) Overpayments resulting from a false statement, misrepresentation, or failure to report a material fact by the claimant which have not been recovered within eight (8) years from the date of the final determination establishing liability to repay may be deemed uncollectible.
(5) The director may waive the requirement to repay an overpayment, other than one resulting from a false statement, misrepresentation, or failure to report a material fact by the claimant, and interest thereon, if:
(a) The benefit payments were made solely as a result of department error or inadvertence and made to a claimant who could not reasonably have been expected to recognize the error; or
(b) Such payments were made solely as a result of an employer misreporting wages earned in a claimant’s base period and made to a claimant who could not reasonably have been expected to recognize an error in the wages reported. The director, in his sole discretion, may also compromise a civil pen-ally assessed under subsection (2) of this section and/or interest.
(6) Neither the director nor any of his agents or employees shall be liable for benefits paid to persons not entitled to the same under the provisions of this chapter if it appears that such payments have been made in good faith and that ordinary care and diligence have been used in the determination of the validity of the claim or claims under which such benefits have been paid.